**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin C. WETTERLIN,
Defendant-Appellant.**

**No. 77–1716.**

United States Court of Appeals,
Seventh Circuit.

Argued April 10, 1978.

Decided Aug. 24, 1978.

Rehearing and Rehearing En Banc
Denied Sept. 27, 1978.

Philip R. Melangton, Jr., Indianapolis, Ind., for defendant-appellant.

Peter F. Vaira, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and WOOD, Circuit Judges, and SOLOMON, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant-appellant Wetterlin was indicted for his participation in a scheme which allegedly involved the unlawful taking by himself and others,[1] including public officials and contractors, of more than two million dollars from a public works project in East Chicago. On January 31, 1977, after entering into negotiations with the government,[2] Mr. Wetterlin entered pleas of guilty to Counts I and X of the indictment. In February the government sought to have the plea revoked, which the defendant resisted. The court permitted the plea to stand.[3] Subsequently the defendant obtained new counsel who challenged the procedures employed by the court at the January plea hearing, alleging that they failed to comply with the procedural requirements for accepting a guilty plea mandated by Rule 11 of the Federal Rules of Criminal Procedure, and asserted that Mr. Wetterlin was now denying his guilt. At the May 24, 1977, disposition hearing the court indicated that "serious questions" had been raised by the defendant and that it was not prepared to go forward with the

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, is sitting by designation.

1. Of the others named in the indictment, five (Messrs. Fitzgerald, Kovach, Leahu, Schubert, Hamilton) went to trial and were found guilty. Their convictions have been affirmed by this court on appeal. *United States v. Fitzgerald,* No. 77-1524, 579 F.2d 1014 (7th Cir., decided June 14, 1978). Mr. Hinesley also entered a plea of guilty, and Mr. Hernly testified for the government and received immunity.

2. As a result of those negotiations, the defendant agreed to plead guilty to Counts I and X of the indictment, and to four counts of failure to file income tax returns (misdemeanors). The defendant agreed to cooperate with the government and to testify at any proceeding relating to the case. In exchange the government agreed to drop all remaining counts of the indictment, agreed that its recommendation as to sentencing would be limited to opposing probation, and agreed to make the extent of the defendant's cooperation known to the sentencing judge.

 While the court accepted the guilty pleas entered by Wetterlin at the January hearing, it indicated that it was reserving ruling on the petition, which included the plea agreement, and referred it to the probation office for a presentence report. Rule 11(e)(2) requires: "If a plea agreement has been reached by the parties, the court, shall on the record, require the disclosure of the agreement in open court . . . at the time the plea is entered." At the January hearing, the judge made references to the petition and ascertained that no promises, other than those contained in the plea agreement, had been made to the defendant. We feel the rule's language is clear and requires more than mere reference on the record to the agreement; rather the court should articulate *on the record* the specific terms contained in the agreement. *See* 8 Moore's Federal Practice ¶ 11.05[2]. The defendant, however, does not argue on appeal that the failure to comply with Rule 11(e)(2) requires his plea to be vacated.

 The defendant also alleges no error in regard to the guilty pleas on the four misdemeanor counts.

3. The government's petition to revoke the plea has not been made part of the record. The government in its brief indicates it became dissatisfied with Mr. Wetterlin's cooperation, and sought either to have the plea revoked or for the court to make further inquiry into the factual basis for the plea. The defendant argued that the government had no standing to challenge the factual basis for the plea on Count I. Further, that he had stated facts from which the court had determined that there was factual basis for the plea. He also argued that if the government felt he was not answering truthfully its recourse was to indict him for perjury. At a hearing held by the court on the government's motion, the court indicated that it felt there was a factual basis for the plea, and that it was denying the motion. The court also secured from Wetterlin's attorney the assurance that there was no "intention . . . at this time, or in the foreseeable future, to question the basis of his plea."

sentencing. At the June 29, 1977, disposition hearing the district judge indicated that he felt he "had been had" and despite defendant's continued denials of guilt as to Counts I and X and his argument that the court had not complied with Rule 11, the court refused to either set aside the plea or to allow defendant to withdraw his plea of guilty to Counts I and X.[4] The court sentenced defendant under 18 U.S.C. § 4205(b)(2), to eighteen months on each count, to run concurrently, plus a $5,000 fine on Count I. Wetterlin appeals from his conviction and sentence and seeks to have his pleas of guilty vacated and to be allowed to plead again because the district court failed to comply with the requirements of Rule 11.[5]

Specifically, defendant Wetterlin argues that the court did not comply with Rule 11(c)(1) because it failed to inform him of and determine that he understood the nature of the charge to which the pleas were offered, and did not comply with Rule 11(f) and (g) because it failed to establish on the

record the factual basis for the pleas. The government in response argues that "based on all the circumstances surrounding the defendant's plea, there [is] substantial evidence that he understood the nature of the charges against him" in both Counts. The government also contends that the record of the plea hearing on January 31, 1977 reveals a sufficient factual basis for each of the pleas. In regard to the conspiracy count the government further argues that since judgment was not entered until later, under the language of Rule 11(f) the judge was free to consider the evidence he heard at the trial of defendant's alleged co-conspirators to determine whether there was a factual basis for that plea.

## I. COUNT I

### A. Advice Concerning the Nature of the Charge.

The Supreme Court has stated that because a plea of guilty is itself a conviction, it "shall not be accepted unless made volun-

---

**4.** The government also argues that defendant's failure to move to withdraw his plea until the June 29 hearing is proof of defendant's "calculated gamesmanship of the worst form." However, the record indicates that defendant made his attack on the plea for failure to comply with Rule 11 only shortly after retaining new counsel and prior to the scheduled sentencing hearing in May. Since he was attacking the plea under Rule 11, it was not necessary to file a Rule 32 motion for withdrawal of the plea, and he only did so at the June hearing because the government and apparently the court felt such a motion was necessary.

**5.** The sections of Rule 11 relevant to this appeal are:

ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and (2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by

a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and (4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and (5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

(f) DETERMINING ACCURACY OF PLEA. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

(g) RECORD OF PROCEEDINGS. A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

tarily after proper advice and with full understanding of the consequences." *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Rule 11 has always required compliance with this mandate and now section (c), amended in 1975, sets forth with specificity not only the method to be used in giving this advice: "the court must address the defendant personally in open court and inform him of, and determine that he understands . ."; but also the particular advice which must be given, subsection (1) specifying that the court must inform and determine that the defendant understands "the nature of the charges to which the plea is offered."

▮▮▮ In Count I the defendant and six others were charged with a complex conspiracy involving the use of the mails in furtherance of a scheme to defraud the East Chicago, Indiana, Board of Sanitary Commissioners and the citizens of that district, as well as the use of interstate and foreign commerce with the intent to bribe public officials. The charge of "conspiracy" is not a self-explanatory legal term or so simple in meaning that it can be expected or assumed that a lay person understands it. That is particularly true of the conspiracy charge in this case, which took up 25 pages, involved 48 paragraphs and 64 overt acts. However, the district judge failed to ever mention at the time of the plea hearing the nature of the charges in Count I, even, to describe it generally as a conspir-

acy. The judge made no effort to explain the law of conspiracy generally or by reference to the specific charge of this case, nor did he personally inquire and determine that the defendant understood the nature of the charges.[6] Particularly under the circumstances of this case involving a complex conspiracy, we feel the judge should not have assumed that the defendant already knew and understood what the charges were, but rather the court should have assumed he was ignorant of the charges and thus used the hearing to inform the defendant "of some aspects of legal argot and other legal concepts that are esoteric to an accused." *United States v. Coronado,* 554 F.2d 166 (5th Cir. 1977). The Supreme Court in *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), noted that the purposes and goals of Rule 11 are undermined when the court resorts to "assumptions," instead of establishing a record based on defendant's responses to the court's questioning, finding that there cannot be compliance with Rule 11 where the "district judge does not personally inquire whether the defendant underst[ands] the nature of the charge." This court has also previously held that for the judge to inquire of the defendant whether he has discussed the charges with his attorney, as the judge did in the instant case, does not satisfy the *McCarthy* mandate or Rule 11.[7] *Majko v. United States,* 457 F.2d 790 (7th Cir. 1972). We feel that any bur-

6. We are not persuaded by the government's argument that because the defendant waived the reading of the indictment at the plea hearing, the judge was relieved of his duty under Rule 11 to inform the defendant of the charges and determine that he understood them. While reading the indictment *may* be one way of informing the defendant of the nature of the charges, it is not limited to this method and, in fact, a more informative explanation of the charges would be desirable. In addition, reading the indictment clearly does nothing to establish on the record that the court personally determined that the defendant *understood* the nature of the charges.

7. The government urges this court to look to the plea petition to find that this requirement has been met. Initially we note, see n.2, that the contents of this petition were not disclosed on the record at the plea hearing and that

although the guilty plea was accepted, the district judge reserved ruling on the petition. One of the statements in the petition read: "I have received a copy of the indictment and have read and discussed it with my lawyer and believe and feel that I understand every accusation made against me. . . . My lawyer has informed me . . . as to the nature and cause of every accusation against me." The court inquired of the defendant whether he had signed the petition, but never specifically referred to these statements and did not personally inquire or determine of the defendant that he understood the charges, which is what the rule requires. For the defendant to merely state that he believes he understands provides no basis from which the court could conclude that he does in fact understand the charges. This is particularly true here since neither in the petition nor at the hearing does the defendant ever set forth what was his understanding

den the requirements of Rule 11 place on the court or the district judge is inconsequential in light of its salutary goal of insuring that guilty pleas are voluntarily and intelligently made.

█ We hasten to add that this colloquy between the judge and the defendant as to the nature of the charges will vary from case to case, depending on the peculiar facts of each situation, looking to both the complexity of the charges and the personal characteristics of the defendant, such as his age, education, intelligence, the alacrity of his responses, and also whether he is represented by counsel. *Irizarry v. United States,* 508 F.2d 960, 964 (2nd Cir. 1974). However, none of these characteristics can be a substitute for the explicit requirement of the rule that the judge personally, in open court, on the record, determine that the defendant knows and understands the nature of the charges. Having examined the record carefully, we find in the present case that the district judge failed to comply with the requirements of Rule 11(c)(1) as to Count I and accordingly, under *McCarthy,* that guilty plea must be vacated and the defendant allowed to plead anew.

## B. The Factual Basis for Count I.

█ Even though we have already determined that it is necessary to vacate the guilty plea as to Count I because of the failure to comply with Rule 11(c)(1), we will also address the issue of whether the record reveals a factual basis for accepting the guilty plea on the conspiracy charge.[8]

█ In the present case, after the defendant had been given the Rule 11 advice, the court moved to establish the factual basis for the plea. The district judge asked the government to state the overt acts the defendant was charged with and then added, "in order to shorten this . . . point out those parts of the indictment under Count I specifically involving this defendant." The record of the conduct about which the defendant was questioned is notable for what it fails to include or elicit from the defendant. There is no mention of or reference to the critical paragraphs in the indictment which identify the conspiracy scheme and object and spell out the means and manner by which the objects were to have been accomplished. There is no mention of his participation at the important Palmer House meeting, where the plan to hide two million dollars was discussed, and the fund created for bribing public officials; nor of his knowledge of the execution of the fraudulent performance bond; nor that he knew of the mailing of

---

of the charges. *See Sierra v. Government of Canal Zone,* 546 F.2d 77 (5th Cir. 1977). Similarly other circuits have found that the assurance that counsel has advised his client as to the charges is not compliance with Rule 11. *Phillips v. United States,* 519 F.2d 483, 485 (6th Cir. 1975); *United States v. Cody,* 438 F.2d 287 (8th Cir. 1971).

**8.** The government points to the inconsistency of defendant's present position in attacking the factual basis for the plea on Count I, noting his earlier resistance to the government's motion to revoke the plea, challenging its factual basis. The government argues this indicates that he is engaging in "pure calculated gamesmanship," which should not be condoned by this court. *See* also n.3, *supra.* We note, however, that the government itself has taken an inconsistent position in regard to this very issue as evidenced by its earlier attack and its current defense of the factual basis for Count I. While we do not approve of "game playing" and do not condone actions which appear to be a deliberate effort to manipulate proceedings to one's advantage by changing positions, we do

not feel that was done here. The defendant indicates he resisted the government's earlier move because he saw it as attempted retaliation by the government for what it claimed was his uncooperativeness. The government in its brief indicates his lack of cooperation was the cause of the motion. Apparently, it was an attack on the factual basis only in the sense that it appeared to the government that Mr. Wetterlin's unwillingness to admit to certain behavior was inconsistent with his guilty plea. This should have alerted the court to the necessity of re-examining the conduct which the defendant admitted and to the possible need for further questioning of the defendant to erase any doubts as to the factual basis for the plea. We do not feel, however, that this incident prevented the defendant from later raising the Rule 11 issue with the district court before judgment was entered, when he retained new counsel. We note also that the government does not contend that the defendant is estopped from arguing this issue.

fraudulent service and rental contracts to transfer funds to Switzerland. At no point in the hearing does the government either summarize the evidence showing the conspiracy plan and agreement and the defendant concede his involvement, or does the defendant admit to conduct which would establish the critical elements of a conspiracy, i. e., "what role did this particular defendant play in the overall venture, when did he play that role, did he know the purpose and did he share in the specific criminal venture" of his alleged co-conspirators. *Seiller v. United States,* 544 F.2d 554 (2nd Cir. 1975). We find that the critical elements of the conspiracy charged were not admitted by the defendant and not established on the record at the January 31 plea hearing, when the court accepted the guilty plea on Count I.

The government, however, also argues that if the factual basis cannot be found on the record at the time of acceptance of the plea, this does not make a plea invalid, since, according to Rule 11(f), the critical point at which this determination must be made is before the court enters judgment which in this case did not occur until June 29, 1977. Thus, according to the government, the district judge was entitled to consider the evidence he had heard at the post-plea trial of this defendant's alleged co-conspirators to establish the factual basis for Mr. Wetterlin's plea. We reject completely the government argument insofar as it urges that this court may look to the transcript of that trial to determine if the district court was correct in finding a factu-al basis for the plea here. To allow such a maneuver would make meaningless Rule 11(g), which requires that a "verbatim record of the *proceedings at which the defendant enters a plea* shall be made, and . . . [this] record shall include . . . the inquiry into the accuracy of a guilty plea," (emphasis added) and the mandate of the Supreme Court in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), that "the judge [shall] develop *on the record* the factual basis for the plea." General references by the district judge to the fact that he heard evidence at another trial which related to this charge and this defendant, but without specifying precisely what evidence he had in mind, is not sufficient for this court to consider that entire trial as being part of this record.

The Advisory Committee comments and various cases interpreting this aspect of the rule indicate that it is permissible for the district judge to consider and look to more than the defendant's responses to the court's questions to determine whether there is a factual basis for the plea.[9] However, the rule requires that whatever the judge considers in making this determination must appear *on the record,* and what is on the record in the instant case, regardless of whether the June 27, 1977, hearing is also considered, is insufficient to establish the factual basis for the plea. In addition we interpret the rule to require that a district judge shall not *accept* a guilty plea until he has determined that there is a

**9.** The 1966 Advisory Committee Note states: "The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged . . . ."

The Second Circuit in *Irizarry v. United States,* 508 F.2d 960, 967–68 (2nd Cir. 1974), states that while the judge may rely on any facts at his disposal to evaluate the existence of a factual basis, anything relied on must be made a part of the record of the plea proceeding. Similarly in *Sassoon v. United States,* 561 F.2d 1154, 1159 (5th Cir. 1977), that court indicated that while things such as presentence reports can be considered, whatever the source of the factual basis must appear clearly on the record, and a mere reference of allusion to it on the record is insufficient. The Fifth Circuit in *United States v. White,* 483 F.2d 71 (5th Cir. 1973), rejected the government's argument in that case, that the factual basis could be found in testimony given at the trial of co-defendants which occurred after the acceptance of the plea. The court there stated that there must be a factual basis established before accepting the plea and that the record of the plea hearing must reveal that basis.

Professor Moore states that "the incorporation of this 'escape hatch' in the Rule does not relieve the judge of making the inquiries required at the time the plea is taken." 8 Moore's Federal Practice ¶ 11.03[3] at 11–73.

factual basis for the plea. This court only recently had occasion to note in discussing the purpose for the factual basis requirement that "the judge must determine 'that the conduct defendant admits constitutes the offense . . . to which [he] has pleaded guilty', a requirement designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within that charge.' " *Carreon v. United States,* 578 F.2d 176, 178 (7th Cir. 1978). We fail to see how such a critical determination can be left until after the acceptance of the guilty plea. The "escape-hatch" phrase in Rule 11(f) clearly would permit the court "even though it ha[d] originally accepted a guilty plea, to set the plea aside if it determine[d] prior to sentencing that there was no factual basis for the plea." 8 Moore's Federal Practice, ¶ 11.-02[2] at 11–33. We also believe that in a situation where after the district judge has determined there is a factual basis and has accepted the plea but has not entered judgment there is an attack made by the defendant on the plea, the judge should be able to look to other evidence [10] to resolve the problem. However, if the district judge finds it necessary to look to evidence other than the defendants' statements to establish the factual basis for the plea in any situation, these additional facts or evidence must be specifically articulated on the record. That was not done in this case.

Accordingly, we find that the judge also failed to establish on the record the factual basis for the conspiracy plea and thus the noncompliance with Rule 11(f) provides an independent basis for vacating the plea on Count I. We wish to make clear that we have no doubt that the district judge intended to fully comply with the requirements of Rule 11 and only accepted the plea because he felt there had been full compli-

ance and that the plea was voluntary. The district judge may himself have had knowledge of facts or circumstances which persuaded him that the defendant understood the charges and that there was a factual basis for plea. Thus it is not without regret that this court finds it necessary to vacate the plea on Count I; however, the rule is explicit in its requirement that compliance be shown *on the record.* Because we find that the record does not show that there was compliance with Rule 11(c)(1) and (f), we are required by *McCarthy* to vacate the guilty plea and to allow the defendant to plead again.

## II. COUNT X

In Count X, the defendant was charged with "knowingly making material false declarations" while under oath before the grand jury in violation of 18 U.S.C. § 1623. The defendant contends that the same infirmities exist as to the guilty plea on Count X, namely, there is no showing on the record that the court personally determined that he understood the nature of the charges, and further that the record does not reveal a factual basis for the plea.

### A. Advice as to the Nature of the Charges.

■ It should be obvious that when a defendant pleads guilty to more than one charge at a plea hearing Rule 11 does not require the district judge to repeat all the advice specified in Rule 11(c) before taking the plea on each charge. However, in order for the rule to accomplish its intended purpose it is essential for the district judge to inform the defendant of and determine that he understands the nature of each particular charge and the maximum possible penalty as to that charge, i. e., he should comply with Rule 11(c)(1) as to each individual charge for which a plea of guilty is offered.

---

**10.** This could include admissions made by the defendant to the probation officer and recorded in the presentence report, and conceivably even testimony the defendant has given in another trial, but it is clear that whatever the court is relying on to establish the factual basis must be specifically articulated on the record in order to comply with the purpose of the rule which is to provide a complete record to facilitate review in any subsequent post-conviction proceeding. *McCarthy v. United States, supra,* 394 U.S. at 465, 89 S.Ct. 1166.

 The record reveals that the judge at the outset of the hearing went over the advice specified in Rule 11(c), except as to the "nature of the charges" element in subsection (1). Just as the district judge began to direct his inquiry to the charges in Count X, the defendant's attorney interrupted and offered to the court his understanding of the nature of the charge specifying what must be admitted by the defendant in seeking to plead guilty to the charge. Following statements by both the attorney and the defendant, the court directed a question to the defendant. We find by looking to the total circumstances surrounding the plea on this charge, including the defendant's obvious intelligence, the fact that he was represented by counsel, the relatively uncomplicated nature of the charge, his own statements at the hearing, in combination with the inquiry by the judge, that the record shows that the judge personally determined that the defendant understood the nature of the charges in Count X. We should make it clear that we are not approving procedures where the attorney's assurances regarding the meaning of the charge are found sufficient, nor merely because the defendant is well-educated, obviously intelligent, and represented by counsel that it is not necessary for the judge to personally determine that the defendant understands the charges for the rule clearly requires that this be done. However, we are mindful of the words of the Supreme Court in *McCarthy,* where it observed, "In all such inquiries, '[m]atters of reality, and not mere ritual, should be controlling.'" 394 U.S. at 468, n.20, 89 S.Ct. at 1171, n.20 (citation omitted.) In comparing our finding on this count with our earlier finding on Count I, it is clear that it is not the mere length of inquiry which satisfies the rule, nor is there any particular phrasing which must be used, nor must the questioning occur in any particular order; rather, what is required in order to comply with Rule 11(c)(1) is that the record of the colloquy between the defendant and the court reveal that the court personally determined that the defendant understood the nature of the charges against him. We find that the record as to the plea on Count X reveals that the district judge did make the necessary determination.

B. The Factual Basis for Count X.

 In September, 1975 the defendant had appeared before the grand jury. During his appearance he was asked "[D]id you ever travel in interstate or foreign commerce to transport proceeds illegally obtained from the Water Pollution Project?" The indictment charged that his "No" response was a "knowingly false" declaration in violation of 18 U.S.C. § 1623. Defendant contends that this is a divisible or multiple question, and that while he admitted at the plea hearing that he had answered falsely to one part, or one question, i. e., he had traveled in foreign commerce, he did not admit that he did so with funds he knew to be illegally obtained. He claims the record is deficient in that it does not show what his understanding of the question was at the time he answered. *United States v. Bronston,* 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1972). Defendant apparently seeks to imply that he could have understood the question only to be asking whether he had ever traveled in interstate or foreign commerce, not whether he had done so with funds illegally obtained from the project and thus that his response to the grand jury could have been "literally accurate," and thus not a violation of the statute. *Blumenfeld v. United States,* 306 F.2d 892, 897 (8th Cir. 1962). We feel such an interpretation conflicts with the obvious meaning and purpose of the question, for clearly the grand jury was not interested in finding out merely whether the defendant had ever traveled in interstate or foreign commerce, and for defendant to suggest that this is how he may have understood the question strains credulity. Furthermore, the record establishes that the defendant understood both at the time of the grand jury questioning and at the plea hearing that the question was not so limited. The question in its entirety was read at the time of the hearing, and when he was

asked "[T]hat was not true was it?" the defendant answered "[T]hat was not true." The district judge, apparently to clarify that his response was not limited only to the statement, "You have traveled in foreign commerce," as phrased by his attorney, asked, "At the time you made the statements, you knew *they were* false?" (Emphasis supplied). To which the defendant answered, "Yes." We find that this inquiry established not only the essential fact that at the time defendant answered he knew his answer to be false, but also that he knew his answer to the entire question, i. e., all statements in the question, to be false, and that he was admitting this conduct to the court. We find that while more detail would perhaps have been desirable, the record does reveal a sufficient factual basis for acceptance of the guilty plea on Count X.

## CONCLUSION

Accordingly, for the reasons given above, we hold that the district court failed to comply with the requirements of Rule 11 as to Count I, and under the rule of *McCarthy* the plea on that count must be vacated and the defendant allowed to plead again. We find that the record shows that the district court did comply with Rule 11 as to Count X and, therefore, defendant's conviction and sentence as to that count is affirmed.