UNITED STATES of America,
Plaintiff-Appellee,

v.

Nancy FELS, Theodore Rodriguez, and
Scott Williams, Defendants-Appellants.

Nos. 78–1992 to 78–1994.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 28, 1979.

Decided April 24, 1979.

Santo J. Volpe, Jeffrey B. Steinback, Tim Biasiello, Chicago, Ill., for defendants-appellants.

L. Felipe Sanchez, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and PELL and BAUER, Circuit Judges.

PER CURIAM.

Defendants Nancy Fels, Theodore Rodriguez, and Scott Williams, were indicted on February 16, 1978 in a four count indictment charging them with narcotics violations under 21 U.S.C. § 841.[1] Defendants pled guilty to two counts each and were sentenced to concurrent terms of imprisonment for 2 years on each count, followed by a three year special parole. 21 U.S.C. § 841(b)(1)(A). The remaining counts were dismissed, as agreed, on the government's motion. Defendants now contend that their guilty pleas were taken in violation of Rule 11, Fed.R.Crim.P., and that they must be allowed to enter new pleas. We agree.

In attempting to fulfill the requirements of Rule 11, the district court often addressed its statements of the defendants' rights to all three and then moved from one to another in questioning them on their understanding of those rights. In our view, whatever difficulty the court experienced in complying with Rule 11 arose from proceeding in this way, rather than taking the defendants' pleas seriatim. Following is a parsing of the transcript of the plea hearing to determine whether, as to each defendant, the district court complied with Rule 11.

## I. Defendant Fels

Rule 11(c)(1) requires the district court to inform the defendant of, and determine that he or she understands, "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fels does not contend that the court failed to inform her of the nature of the charges and determine that she understood them, and the record makes clear that the court did so.

The defendants' joint brief does contend that the court failed to comply with the remainder of Rule 11(c)(1). At one point the brief states that the noncompliance is found in the court's neglect to inform the defendants of the mandatory minimum penalty provided by law. Appellants' Br. at 10. This contention has no merit because the statute under which defendants were convicted provides no mandatory minimum penalty. 21 U.S.C. § 841(b)(1)(A).[2] At another point, defendants state more generally that the court "failed to address [defendants] personally to determine whether they understood the various sentencing alternatives available." Appellants' Br. at 13. The court addressed all three defendants as follows:

Now, as to each one of these counts to which you are pleading, the statute provides for a maximum penalty of 15 years, a maximum fine of $25,000 and whatever sentence may be imposed will be followed by a three year special parole provision and you could be both fined and imprisoned as to each one of those counts and for that amount, that kind of a fine and a three year special parole provision.

Plea Hearing Tr. at 23. The court then asked each defendant, individually, if he or she understood the possible penalties. Fels

---

1. Defendants filed a motion to waive oral argument under Circuit Rule 14(e) and the government filed a response indicating that it had no objection to the motion. This court granted the motion and this appeal has been submitted on the briefs and record, pursuant to Rule 2, Fed. R.App.P.

2. 21 U.S.C. § 841(b)(1)(A) provides in part:
 In the case of a controlled substance in schedule I or II which is a narcotic drug, such

person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. . . . Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment . . . .

responded that she did understand. *Id.* at 24. Thus it is clear that the district court did explain the sentencing alternatives provided in § 841.

Rule 11(c)(2), requiring the court to inform a defendant who is without counsel of his or her right to counsel, is inapplicable to this case because Fels has been represented by retained counsel throughout the proceedings in the district court and in this court.

Rule 11(c)(3) provides that the district court must inform the defendant, and determine that he or she understands,

> that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself . . . .

The district court addressed all three defendants and summarized the rights listed in subdivision (c)(3) as follows:

> Now, let me say this, and I am not going to repeat it, the case can be tried, this case can be tried by a jury, or it can be tried before the Court in case you don't wish a jury, and if there is a trial the government would be required to prove what they charge in this indictment. The trial, of course, would involve all counts of the indictment.
>
> The government would have the opportunity to bring in witnesses, your counsel would have the opportunity to cross-examine them. The government would be required to prove what they charge you with in this case and to prove it beyond a reasonable doubt.
>
> You could bring in witnesses, you would have the right to bring in witnesses, if you wanted to, you could stand mute and do nothing if that's what you wanted to do, how you wanted to proceed, and your counsel would have the

right to cross-examine any witnesses that the government brought in.

Plea Hearing Tr. at 7. Immediately after reciting the above, the court turned to defendant Williams and asked if he understood these rights and waived them. The court did not question Fels about these rights, at that point or elsewhere in the transcript of the plea hearing.

■ Fels' contentions under subdivision (c)(3) reduce to the following: (1) that the court failed to inform her adequately of her right to persist in her plea of not guilty, her right to counsel if she went to trial, and her right against compelled self-incrimination, and (2) that the court failed to determine that she understood those rights. The first contention involves the issue whether an explanation aimed at more than one defendant can satisfy the requirement that "the court must address the defendant personally." Rule 11(c).

In this case the district court's explanation was sufficient. In *United States v. Crook,* 526 F.2d 708 (5th Cir. 1976), the court held that the personally-address language was to be construed strictly. But that case involved the practice of permitting the prosecutor to question the defendant in the court's presence. The danger is apparent that any possible undue influence exercised by the prosecutor in inducing the plea in the first place would not be discovered by the court under such a procedure. Here the district court did speak to the defendants directly. A few moments before the explanation quoted above, the court had said "what I am saying now I am addressing to all three of you. . . ." It is clear from that statement and the opening of the court's statement of the defendants' trial rights that the court called the attention of all three defendants and spoke to them personally.[3] This court has said recently that "[i]t should be obvious that when a defendant pleads guilty to more than one charge at a plea hearing

---

**3.** The district court called the attention of the defendants in each of the other instances in which it addressed more than one. For example, in explaining the nature of Count 1 to Fels and Rodriguez the court began by saying "As to the other two defendants, let me get over to Count 1; Count 1 involves both of you and it says that . . . ." Plea Hearing Tr. at 17.

Rule 11 does not require the district judge to repeat all the advice specified in Rule 11(c) before taking the plea on each charge." *United States v. Wetterlin,* 583 F.2d 346, 353 (7th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979). The same reasoning applies when there is more than one defendant, at least where the district court specifically calls the attention of all of the defendants and speaks directly to them and not through their attorney or the prosecutor.

■ Although the district court's practice of addressing multiple defendants together was sufficient on the requirement that the court address the defendant personally, it is not the preferred method. As noted at the outset, that procedure can lead to confusion. Fels' second contention under subdivision (c)(3) arises from just such confusion. After reciting the defendants' trial rights, the court turned to Williams and asked him if he understood and waived those rights. Williams said he did and the court began to explain Count 2 to him. The court then noted that Count 2 applied to all three defendants and addressed its remarks to all of them. After explaining the nature of the charge in Count 2, the court asked the prosecutor to review the government's evidence under Counts 2 and 3. When the prosecutor finished, the court returned to Williams and asked if he agreed that what the prosecutor had outlined had in fact occurred. Williams denied knowledge of the sale of cocaine by Fels and Rodriguez charged in Count 2 and an extended discussion followed to determining whether Williams could plead guilty to that count. Plea Hearing Tr. at 7–17. Nowhere in the transcript did the court ever get back to Fels to determine that she understood her right to persist in her plea of not guilty and her trial rights if she did so. It seems clear that this failure to comply with Rule 11 arose directly from the attempt to deal with all three defendants at once.

Rule 11(c)(4) requires the district court to inform the defendant, and determine that he or she understands, that there will be no further trial of any kind following a guilty plea and that the defendant is waiving the right to a trial. As to Fels, the same confusion arose on this point as on the explanation of trial rights under subdivision (c)(3). After the explanation, the court asked Williams whether he waived those rights, but never returned to ask Fels. And near the end of the hearing, the court, at the prosecutor's suggestion, told Williams that his pending suppression motion would not be heard and that there would be "no court proceedings beyond this today . . .," and determined that Williams understood. Plea Hearing Tr. at 25. Again the court never explained that to Fels, even in the sense of calling her attention to its statement to Williams, or determined that she understood it.

■ Fels also contends that the district court did not comply with subdivision (c)(5) because it failed to inform the defendants that if they answered questions about their offenses under oath, on the record, and in the presence of counsel, the answers could be used against them in prosecutions for perjury. Defendants were not placed under oath, however, so there was no need to warn them of the perjury peril and the court's failure to do so "is inconsequential." *United States v. Saft,* 558 F.2d 1073, 1079 (2d Cir. 1977).

Rule 11(d) provides:

The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

As the plea hearing opened, the court asked defense counsel and the prosecutor whether a plea agreement existed and learned that the pleas resulted from negotiations between defense counsel and the government. Thus the court complied with the second sentence in Rule 11(d).

Fels correctly contends, however, that the court failed to comply with the first sentence in Rule 11(d). Nowhere in the record did the court make any inquiry whether Fels had been subjected to force or threats or had received any promises to induce her to plead guilty.

Rule 11(e) deals with formal plea agreements and is inapplicable here.

And Fels does not contend that the district court failed to determine that there was a factual basis for her guilty plea. Rule 11(f). Indeed most of the transcript is filled with the court's detailed personal inquiry of each defendant, showing that he or she admitted the conduct underlying each count.

To summarize the results of our analysis of the transcript as it relates to Fels, the court failed to comply with Rule 11 in the following respects: (1) the court failed to determine that Fels understood her rights (a) to persist in the plea of not guilty, (b) to a trial by jury, (c) to the assistance of counsel at such a trial, (d) to confront and cross-examine witnesses against her, and (e) not to be compelled to incriminate herself, Rule 11(c)(3); (2) the court failed to determine that Fels understood there would be no further trial after she pled guilty and that she waived trial, Rule 11(c)(4); and (3) the court failed to determine that the plea was voluntary and not the result of force or threats or undisclosed promises, Rule 11(d).

## II. Defendant Rodriguez

Fels and Rodriguez were charged in the same three counts and were represented by the same attorney. For those reasons, apparently, the district court treated them almost as a unit when addressing them. As a result the analysis of the transcript regarding Rodriguez yields the same results as with Fels.

The district court complied with Rule 11(c)(1).

Rule 11(c)(2), again does not apply.

As with Fels, the court failed to return to the trial rights specified in Rule 11(c)(3) and determine that Rodriguez understood them.

And the court also failed to determine that Rodriguez understood that there would be no further trial if he pled guilty and that he waived trial. Rule 11(c)(4).

As to Rodriguez also, subdivision (c)(5) is inapplicable because he was not placed under oath.

The district court's failure to determine that the pleas did not result from force or threats or undisclosed promises, Rule 11(d), applies to Rodriguez.

Subdivision (e) of Rule 11, involving formal plea agreements, is inapplicable.

And, finally, there can be no question, and Rodriguez raises none, that the district court fully complied with the requirement of Rule 11(f) that it determine that there is a factual basis for his guilty plea.

## III. Defendant Williams

As our discussion has already shown, the district court dealt with Williams separately from Fels and Rodriguez. Consequently the analysis of the transcript shows some difference in the degree of compliance with Rule 11 between Williams and the other two defendants.

Under Rule 11(c)(1) the result is the same: the district court explained the nature of the charges and the possible penalties.

And, again, subdivision (c)(2) does not apply.

The results under subdivision (c)(3), however, are different. As discussed above, it was when the court turned to Williams to discuss his plea and his waiver of his trial rights that the confusion arose which led the court to neglect Fels and Rodriguez. The joint brief contends that the court failed to tell the defendants, including Williams, that they had the right to persist in their not guilty pleas, to have counsel at their trial, and not to incriminate themselves. In the court's explanation of rights, quoted above in the discussion of Fels' contentions, the district court told Williams that the case could go to trial, either by jury or by the court. This may fairly be

held to inform Williams of his right to persist in his plea of not guilty. The court twice mentioned that at such a trial, Williams' counsel could cross-examine government witnesses. Implicit in those statements is Williams' right to have counsel there to do the cross-examining. And the court explicitly told Williams he had the right to "stand mute" at trial. The record clearly shows that the court asked Williams if he understood his rights to trial. Thus, as to Williams, the court fully complied with subdivision 11(c) and the contentions in the joint brief have no merit.

The same is true regarding subdivision (c)(4). The district court informed Williams that there would be no further proceedings and twice received assurances from Williams that he understood and waived his right to trial.

The result under subdivision (c)(5) is the same as with Fels and Rodriguez: because Williams was not placed under oath, there was no need to warn of the perjury peril.

And as with Fels and Rodriguez, the district court failed to determine whether Williams' plea resulted from force, threats, or undisclosed promises. Rule 11(d).

Once again Rule 11(e) is inapplicable.

And once again the district court carefully determined that there was a factual basis for Williams' guilty pleas to Counts 1 and 3. Rule 11(f).

Thus the transcript of the plea hearing discloses only one omission in the district court's acceptance of Williams' guilty pleas: the failure to determine that the plea was not the result of force, threats, or undisclosed promises.

---

**4.** Defendants' joint brief raises two additional arguments which are without merit. First, defendants claim that the district court erred in failing to inform the defendants of the plea alternatives listed in Rule 11(a), ("not guilty, guilty, or nolo contendere"). Rule 11(a), however, does not require the court to do so. Furthermore, a defendant does not have a right to plea nolo contendere, Rule 11(b), and the alternatives of guilty or not guilty pleas are to be dealt with under Rule 11(c)(3), by the court informing a defendant who offers to plead guilty that he has a right to persist in a not guilty plea.

## IV. Appropriate Relief

To summarize once more, the district court omitted a number of important steps in accepting the pleas of Fels and Rodriguez, but as to Williams, the court omitted only the step just mentioned.[4] This difference in the position of the defendants has not been treated by the parties, but raises an issue in light of the government's argument that substantial compliance with Rule 11 is all that is required to uphold a conviction upon a plea of guilty.

The government's argument has no application to Fels and Rodriguez, for the taking of their pleas was deficient in several respects and it cannot be said that there was substantial compliance with Rule 11. Therefore, their convictions and sentences must be vacated and their cases remanded to allow them to plead anew. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Wetterlin*, 583 F.2d 346 (7th Cir. 1978).

The substantial compliance argument gives greater pause as to Williams, however. There is no merit in defendants' statement that the district court "concerned itself only with routine boilerplate questioning of [defendants]." The hearing transcript shows that the court carefully explored defendants' understanding of the charges, the conduct they were willing to admit, and the consequences of their guilty pleas. That questioning went far toward assuring that defendants entered their guilty pleas understandingly. Coupled with the absence of anything in the record to

Also without merit is defendants' contention that the court erred in failing to inform them of their right to appeal. There is no requirement in Rule 11 that the court do so at the plea hearing. Moreover, Rule 32(a)(2), Fed.R. Crim.P., which does require such a statement at sentencing, excepts guilty pleas, stating, "There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty . . . ."

cast doubt on the voluntariness of the plea, the district court's efforts make us reluctant to disturb Williams' conviction.

 Rule 11 and the cases interpreting it require that result, however. The main purposes of Rule 11 are to aid in determining "that a defendant's guilty plea is truly voluntary" and to produce a record of the factors relevant to the voluntariness determination. *McCarthy v. United States, supra,* 394 U.S. at 465, 89 S.Ct. 1166, 1170. Moreover, the requirement that the record show a determination that the guilty plea was voluntary is of constitutional dimension, *Boykin v. Alabama,* 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and voluntariness has no meaning if it does not include Rule 11(d)'s requirement that the plea not result from force, threats, or undisclosed promises. *Id.; cf. Henderson v. Morgan,* 426 U.S. 637, 654–655 n. 3, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (Rehnquist, J., dissenting). Thus the failure of the district court in Williams' case to inquire whether he had been coerced, threatened, or promised anything not disclosed to the court, goes to the heart of Rule 11's purposes. Such an omission cannot be described as inconsequential.

 The cases cited by the government do not support its substantial compliance argument. *United States v. Saft,* 558 F.2d 1073 (2d Cir. 1977), held only that the district court had complied with Rule 11 in respect to four of the defendant's allegations of noncompliance and that, as here, the failure to warn the defendant of the danger of perjury was inconsequential, since the defendant was not sworn. *United States v. Michaelson,* 552 F.2d 472 (2d Cir. 1977), involved the peculiar circumstance that the guilty plea was taken after the defendant's trial had commenced. There the court held that the failure to warn an unsworn defendant of the perjury peril and the failure to tell the defendant that he could not have been compelled to testify at the trial which had already begun did not require reversal. The remainder of the government's cases involved collateral review of guilty pleas.[5] *See United States v. Scharf,* 551 F.2d 1124 (8th Cir. 1977) (post-sentence Rule 32(d) motion); *Kloner v. United States,* 535 F.2d 730 (2d Cir. 1976) (§ 2255); *Sappington v. United States,* 468 F.2d 1378 (8th Cir. 1972) (§ 2255).[6] *See also Fruchtman v. Kenton,* 531 F.2d 946 (9th Cir. 1976) (§ 2255).

Consequently, Williams too must be allowed to replead.

The judgments of conviction and sentences imposed upon the defendants are

---

**5.** The standard of review in a collateral attack upon a guilty plea is entirely different from that on a direct appeal. In collateral proceedings the courts have held that a conviction will be vacated for a Rule 11 violation only if it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice (citations omitted)." *Carreon v. United States,* 578 F.2d 176, 179 (7th Cir. 1978). *See also* Rule 32(d), Fed.R.Crim.P. (plea may be withdrawn after sentencing only "to correct manifest injustice"); *cf. United States v. Watson,* 179 U.S.App.D.C. 103, 548 F.2d 1058 (1977) (indicating that the standard under Rule 32(d) may be less stringent than under § 2255, although more so than on direct appeal). On direct appeal, the rule generally applied is that "any noncompliance with Rule 11 is reversible error." *McCarthy v. United States,* 394 U.S. 459, 464 n. 9, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969); *United States v. Journet,* 544 F.2d 633 (2d Cir. 1976); *United States v. Boone,* 543 F.2d 1090 (4th Cir. 1976). Recently this court implicitly adopted this rule in a direct appeal case, *United States v. Wetterlin,* 583 F.2d 346, 351 (7th Cir. 1978), where, after finding noncompliance with a single provision of Rule 11, the court said that the defendant must be allowed to plead anew.

**6.** The government's brief contains a quote from *Sappington* [*v. U. S.* 468 F.2d 1378, 8th Cir.] to the effect that Rule 11 does not require a district judge to "mount the bench with a script in his hand." 468 F.2d at 1380. Despite the pejorative script-in-hand phraseology, it appears that the mandatory language of the Rule requires precisely that—not a script, perhaps, but some sort of checklist, as a prompter, so that whatever form the dialogue takes, all of the necessary lines will be delivered. Where multiple defendants are involved, the judge should, in addition to some sort of checklist procedure, follow the steps of Rule 11 with each defendant individually as we have done here.

vacated and the cases remanded to allow the defendants to enter new pleas.[7]

PELL, Circuit Judge, dissenting.

I am not unmindful that the purpose of Rule 11 is to provide procedural safeguards to facilitate a more accurate determination of the voluntariness of a guilty plea. *McCarthy v. United States,* 394 U.S. 459, 471–72, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Nevertheless, it strikes me as unfortunate that in a case such as the present one where I can perceive no reasonable basis whatsoever for thinking that all three defendants who were represented by retained counsel did not knowingly and voluntarily plead guilty to the crimes of which they were obviously guilty, we must send the case back to a court with an overcrowded docket for a rerun of what should have been final judgments.

While I would agree that there should be substantial compliance with the requirements of Rule 11, the purpose of doing so is to be certain, both to the judge receiving the plea and to a reviewing court, that the plea was truly voluntary. To accomplish this would not seem to require a slavish and hypertechnical ritualistic enunciation of every facet of the Rule if in the process of personally addressing the pleader there is a sufficient development of facts to show that the pleader knows what he is doing and is doing so voluntarily. I think that situation existed here.

The judge made it quite clear that what he was saying was meant for all three. All were standing in front of the judge with retained counsel. The matter of negotiations with the prosecutor was explored and there is no contention that the pleaders were in any way misled or prejudiced as a result of these negotiations. The record remains silent also as to any contention that any of the pleaders had been subjected to any force or threats or had received any promises to induce any of them to plead guilty. The reversal here is quite simply primarily because the judge apparently overlooked asking about force, threats, and promises. The entire colloquy though, from my reading of the transcript, adequately should have demonstrated to the trial judge, particularly in view of the freely admitted participation in the crimes charged, that these people with their retained counsel present were not acting other than voluntarily. For that reason I would affirm the judgments based upon the guilty pleas and accordingly I respectfully dissent.

Having said that, I must also say that until the case law gives more attention to what is patent as to voluntariness from all that occurred at the plea session and less attention to a requirement of a literal and woodenly undeviating pronouncement of each part of Rule 11, district court judges, to avoid the result that has occurred in this case, should vocalize each point and aspect of Rule 11, this litany to be personally and completely addressed to each defendant where there are more than one and, further, the judges should see to it that the appropriate responses are made for the record, and this should be done notwithstanding that the judge, as well as everyone else connected with the case, is fully aware that the plea is being made voluntarily in every sense of that word. This is, as Chief Justice Warren said a decade ago in *McCarthy,* nothing more than a matter of "district judges [taking] the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking." 394 U.S. at 472, 89 S.Ct. at 1174.

---

**7.** On remand, the government will be free, to move to reinstate the dismissed counts. *United States v. McCarthy,* 445 F.2d 587, 591 (7th Cir. 1972), *appeal from remand in, McCarthy v. United States, supra,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).