UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfred L. CROSS, Jr., Defendant–
Appellant.

No. 94–2176.

United States Court of Appeals,
Seventh Circuit.

Argued April 27, 1995.

Decided June 16, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied July 18, 1995.

Larry A. Mackey, Asst. U.S. Atty., James Warden (argued), Indianapolis, IN, for U.S.

Jessie A. Cook (argued), Hellmann, Cook & Alexander, Terre Haute, IN, for Alfred L. Cross, Jr.

Before POSNER, Chief Judge,
CUMMINGS and BAUER, Circuit Judges.

CUMMINGS, Circuit Judge.

In this direct appeal, defendant Alfred L. Cross, Jr. challenges the validity of his guilty plea and his conviction for escaping from the custody of the Attorney General. Cross argues that the district court violated Federal Rule of Criminal Procedure 11(d) when it failed to conduct a specific inquiry to determine that his guilty plea was voluntary and given without fear, coercion, or undisclosed promises. The only issue before us is whether the district court's noncompliance with Rule 11(d) is excused under the harmless error standard of Rule 11(h). We believe that it is. Because the totality of the circumstances surrounding Cross' plea shows that he tendered his plea of guilty voluntarily and

without coercion, the district court's omission constituted harmless error. We affirm.

## BACKGROUND

In August 1980, Cross pleaded guilty to multiple counts of mail fraud and bank larceny. He was sentenced to ten years' imprisonment and was remanded to the custody of the Attorney General of the United States. In September 1981, while serving that ten-year sentence, Cross escaped from the Federal Prison Camp at Terre Haute, Indiana. Cross was not arrested until years later, and in October 1991 was indicted on one count of escape in violation of 18 U.S.C. § 751(a).

Following plea negotiations with the government, Cross entered a plea of guilty to the one-count indictment. In exchange for Cross' plea, the government agreed to stipulate that a consecutive sentence of fifteen months' imprisonment was an appropriate disposition. Cross' plea agreement stated that "[t]he parties jointly acknowledge that the proposed sentence is a fair and appropriate resolution of the charges against the Defendant in this case[,]" and that "[n]o other promises, representations or agreements as to this matter exist among the parties herein." In his petition to enter a plea of guilty that was filed along with the plea agreement in the district court, Cross declared that he offered his plea of guilty freely and voluntarily and of his own accord. A certificate of counsel accompanying Cross' petition expressed the opinion of Cross' attorney that Cross made his plea of guilty voluntarily and understandingly.

At Cross' plea hearing, the district court informed him of the nature of the charges against him and reviewed with Cross the terms of the plea agreement. When the court then asked if he understood the sentence proposed in the plea agreement, Cross responded affirmatively. Significantly, however, at no time during the plea colloquy did the district court personally address Cross to determine whether his plea was voluntary and not the result of force or threats or promises apart from the plea agreement, as required under Rule 11(d).

After the court informed Cross that he would waive his right to appeal the sentence if the plea agreement were accepted, Cross repeatedly assured the court that he would have no reason to appeal the sentence as long as he received the fifteen-month sentence that he had negotiated:

[CROSS]: I can't understand why I would want to appeal a 15 month sentence if we come to that agreement.

[THE COURT]: Has the government then made any other agreement with you other than that agreement set out in this plea agreement that was filed with the Court ...?

[CROSS]: No.

\* \* \* \*

[THE COURT]: You understand this plea provides that if the Court sentences you to 15 months consecutive you will not be able to appeal from any of the rulings the Court has made on the motions in this file?

[CROSS]: Again, why would I want to appeal any sentence that we have agreed to? It's like a business deal.

(Tr. of Guilty Plea Hearing of 12/14/93, at 9–10, 14.) The court determined that Cross' plea of guilty was knowing and voluntary, and took the plea under advisement until after it was able to review Cross' presentence report and conduct a sentencing hearing.

At his sentencing hearing, Cross reaffirmed that he was satisfied with the plea agreement. Cross told the court that he believed a sentence of fifteen-months' imprisonment was a "fair deal," and that he did not "have a problem with the 15 months, period." (Tr. of Sentencing Hearing of 5/4/94, at 12.) Cross added that the fifteen-month offer represented "[p]robably the first time [Assistant U.S. Attorney] Mackey did something right...." *Id.* at 11. The court accepted Cross' guilty plea and sentenced him to fifteen-months' imprisonment.

Cross filed a notice of appeal. In light of Cross' express promise in the plea agreement not to appeal his sentence, we limited the scope of Cross' appeal to the validity of the plea and conviction.

## DISCUSSION

Cross argues on appeal that the district court failed to comply with Federal Rule of Criminal Procedure 11(d), that his plea is therefore invalid, and that his conviction should be reversed. Rule 11(d) provides:

**(d) Insuring That the Plea is Voluntary.** The court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty ... results from prior discussions between ... the government and the defendant or the defendant's attorney.

Fed.R.Crim.P. Rule 11(d).

■ We agree with Cross that the district court failed during the Rule 11 plea colloquy to address Cross directly to ensure that his plea was voluntary and not motivated by threats, coercion, or undisclosed promises. Thus the district court violated Rule 11(d).

■ Initially, we note that Cross did not raise this argument in the district court. Although an appellate court will not normally consider a matter raised for the first time on appeal, *United States v. Groll*, 992 F.2d 755, 758 (7th Cir.1993), a claim of non-compliance with Rule 11(d) will not be deemed waived if a party fails to present it in the district court. *See United States v. Ruiz-del Valle*, 8 F.3d 98, 102 (1st Cir.1993); *United States v. Young*, 927 F.2d 1060, 1061 (8th Cir.), *cert. denied*, 502 U.S. 943, 112 S.Ct. 384, 116 L.Ed.2d 334 (1991); *United States v. Coronado*, 554 F.2d 166, 170 n. 5 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). "Rule 11 objections, so far as they affect the 'knowing' character of the plea, are treated with extra solicitude." *United States v. Padin-Torres*, 988 F.2d 280, 283 (1st Cir.1993) (citing *United States v.*

*Parra–Ibanez*, 936 F.2d 588, 593 (1st Cir. 1991)). Because Cross belatedly attempts to withdraw his plea on appeal rather than before sentencing, we review for plain error. *Id.; United States v. Bashara*, 27 F.3d 1174, 1178 (6th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); *see also United States v. Lopez–Pineda*, 55 F.3d 693, 696–97 (1st Cir.1995).

The government argues that any error on the part of the district court in failing to comply with Rule 11(d) is reviewed for harmless error under Rule 11(h). Section (h), which was added to Rule 11 as part of the 1983 amendments, provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." According to the government, the totality of the circumstances shows that Cross' plea was entirely voluntary and that the district court sufficiently complied with the requirements of Rule 11(d). The government emphasizes that Cross did not assert—and has not suggested even to this day—that his plea was the result of force or threats.

Our lone precedent in this Circuit for analyzing a Rule 11(d) violation is the pre–1983 case *United States v. Fels*, 599 F.2d 142 (7th Cir.1979), where we held that a district court's failure to address the voluntariness of a plea in the plea colloquy mandated vacating the defendant's conviction and remanding the case to allow the defendant to plead anew. We observed that Rule 11(d)'s requirement that the record reflect the voluntariness of the plea was "of constitutional dimension," and that voluntariness had "no meaning" if the plea could not be shown to be free from force, threats, or undisclosed promises. *Id.* at 149. Thus the district court's failure to inquire whether the defendant's guilty plea was coerced "goes to the heart of Rule 11's purposes" and "cannot be described as inconsequential." *Id.*[1]

---

**1.** Judge Pell, dissenting in *Fels*, foresaw the enactment of Rule 11(h), the harmless error provision, when he observed:

> To [assure that a plea was truly voluntary through substantial compliance with the requirements of Rule 11] would not seem to require a slavish and hypertechnical ritualistic

enunciation of every facet of the Rule if in the process of personally addressing the pleader there is a sufficient development of facts to show that the pleader knows what he is doing and is doing so voluntarily.

... The reversal here is quite simply primarily because the judge apparently overlooked asking

Significantly, however, *Fels* pre-dated the 1983 amendment to Rule 11 that introduced subsection (h), the harmless error provision. According to the advisory notes accompanying the 1983 amendment, that provision was added to Rule 11 in response to the practice of several courts of continuing to follow *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which held that a defendant whose plea was accepted in violation of Rule 11 was entitled to plead anew. *Notes of Advisory Committee on Rules,* 1983 Amendment, Fed.R.Crim.P. 11(h). The committee pointed out that "[t]hough the *McCarthy* per se rule may have been justified at the time and in the circumstances which obtained when the plea in that case was taken, this is no longer the case." *Id.* In support, the committee cited the expansions and revisions to Rule 11 that had occurred since *McCarthy* and noted that *McCarthy,* which involved the review of a guilty plea on direct appeal, was primarily directed at proceedings under 28 U.S.C. § 2255. *Id.* Accordingly, the approach used in *Fels* does not control our analysis here. *See United States v. Johnson,* 1 F.3d 296, 301–02 (5th Cir.1993) (en banc) ("Although we cast no aspersions on our own retention of the pre–1983 vestige of the [per se reversible error] rule, we inter it now in favor of the more straight-forward approach of universal application of Rule 11(h) harmless error analysis to review all complaints of Rule 11 violation in which we find that an error was made.") (footnote omitted).

■ Although noncompliance with Rule 11 constitutes reversible error in this circuit, "literal compliance is not necessary." *United States v. Bennett,* 990 F.2d 998, 1004 (7th Cir.1993); *United States v. LeDonne,* 21 F.3d 1418, 1423 (7th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 584, 130 L.Ed.2d 498 (1994); *United States v. Peden,* 872 F.2d 1303, 1306 (7th Cir.1989); *Notes of Advisory Committee on Rules,* 1983 Amendment, Fed.R.Crim.P. 11(h) (Rule 11 "is not to be read as requiring a litany or other ritual which can be carried out only by word-for-word adherence to a set

'script.' "). In reviewing Rule 11 proceedings, we do not give Rule 11 "such a crabbed interpretation that ceremony is exalted over substance." *LeDonne,* 21 F.3d at 1423 (citations and internal quotations omitted). Errors in the plea colloquy are subject to harmless error review and should be disregarded if they do not affect the defendant's "substantial rights." Fed.R.Crim.P. 11(h).

■ Therefore, our review of Cross' plea is based on whether under the totality of the circumstances, the plea was voluntary and intelligent. *See United States v. Messino,* 55 F.3d 1241, 1248–49 (7th Cir.1995); *LeDonne,* 21 F.3d at 1423; *United States v. Wagner,* 996 F.2d 906, 912–13 (7th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 720, 126 L.Ed.2d 685 (1994); *see also United States v. Cotal–Crespo,* 47 F.3d 1, 4 (1st Cir.1995) (review based on totality of circumstances surrounding Rule 11 hearing rather than application of any "talismanic test") (citation omitted), *petition for cert. filed* (May 1, 1995) (No. 94–9076–CFY); *United States v. Abreo,* 30 F.3d 29, 31 (5th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 681, 130 L.Ed.2d 613 (1994). When examining the totality of the circumstances, a reviewing court should "consider the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as the evidence proffered by the government." *Messino,* 55 F.3d at 1249; *United States v. Musa,* 946 F.2d 1297, 1304 (7th Cir.1991); *see also United States v. Michlin,* 34 F.3d 896, 899–900 (9th Cir.1994) (district court's colloquy ensured that all promises made to defendant were disclosed and thus was in "substantial compliance" with Rule 11(d), even though court failed to inquire specifically about prior plea discussions with prosecutor); *but cf. United States v. Gonzalez,* 820 F.2d 575, 579–80 (2d Cir.1987) (per curiam) (district court's failure to make any Rule 11(d) inquiry not the kind of Rule 11 violation that advisory committee on rules

about force, threats, and promises. The entire colloquy though, from my reading of the transcript, adequately should have demonstrated to the trial judge ... that these people with their

retained counsel present were not acting other than voluntarily.
*Fels,* 599 F.2d at 150 (Pell, J., dissenting).

considered might constitute harmless error; guilty plea vacated).

 We conclude that any non-compliance with Rule 11(d) was harmless here. Not only did Cross sign the plea agreement asserting that his plea was not the result of threats, force, or promises, but his statements to the court suggest that he would have accepted his plea even if he were given the exact 11(d) warning. At the plea hearing, where he was represented by counsel, Cross testified that the fifteen-month sentence in the plea agreement was a fair deal and that he could not envision why he would want to appeal. Later, at the sentencing hearing, where he again was represented, Cross neither moved the court to withdraw his plea nor suggested to the court that he had in any way been misled or prejudiced as a result of the plea negotiations. Cross' testimony demonstrates that he was satisfied with the agreement he had negotiated. Nothing in the record suggests that Cross had been coerced into pleading guilty and, notably, he does not so contend on appeal.

Furthermore, there is no evidence that Cross lacked the capacity to understand the nature of the charges against him to which he was pleading guilty. Cross is a high school graduate who has also completed a year of college. He has no trouble reading or writing in English, and had no difficulty communicating with his attorney. His testimony at the plea and sentencing hearings reflected an understanding of his sentencing arrangements as well as familiarity with the court system. Based on the full record before us, we conclude that Cross' plea of guilty was voluntary and intelligent, and that the district court's failure to comply with Rule 11(d) did not affect Cross' substantial rights.

### CONCLUSION

The record of the plea hearing shows that Cross understood the charges against him and chose voluntarily to plead guilty. Although the district court failed to conduct a specific Rule 11(d) inquiry, the court's omission did not violate Cross' substantial rights. We therefore hold that the court's error was harmless. Vacating Cross' conviction to allow him to plead anew is not warranted.

AFFIRMED.