66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray SHIVAR, Defendant-Appellant.
 No. 94-7104.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1995.
Decided Sept. 18, 1995.
 
 Donald Ray Shivar, Appellant Pro Se. Linda Kaye Teal, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, NC, for appellee.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Shivar appeals the district court's dismissal of his 28 U.S.C. Sec. 2255 (1988) motion challenging his plea of guilty to distribution of marijuana, 21 U.S.C. Sec. 841(a) (1988), and use of a communication facility to aid marijuana distribution, 21 U.S.C. Sec. 843 (1988). Shivar alleges that his plea is invalid because: (1) the court failed to inform Shivar of a possible statutory minimum sentence; (2) the presentence report considered an amount of cocaine charged in one count, although the indictment count charging that offense was dismissed pursuant to plea bargain; (3) his sentence was enhanced based on two unconstitutional state convictions; and (4) counsel rendered ineffective assistance. Having reviewed the record, we affirm the district court's dismissal of the Sec. 2255 motion.
 
 
 2
 Shivar's first claim is without merit, as there is no statutory minimum for these offenses. 21 U.S.C.A. Sec. 841(b)(1)(D) (West Supp.1995); 21 U.S.C.A. Sec. 843(d) (West Supp.1995). As to the second claim, relevant criminal conduct may be considered in sentencing a defendant even if he has not been convicted of that conduct. See Nichols v. United States, 62 U.S.L.W. 4421, 4424 (U.S.1994). In any event, consideration of the cocaine did not affect Shivar's Base Offense Level computation.
 
 
 3
 Shivar alleges that two state convictions should not have been used by the district court to sentence him as a career offender. Shivar makes vague assertions that the convictions are invalid. Counsel did not allege their invalidity before sentencing. Counsel stated by affidavit that both convictions were counseled. Neither conviction has been invalidated, and Shivar may not now attack their validity. See United States Sentencing Commission, Guidelines Manual, Sec. 4A1.2, comment. (n.6) (Nov.1992). We affirm the district court's dismissal of this claim.
 
 
 4
 Finally, Shivar asserts that his counsel rendered constitutionally ineffective assistance. Under Strickland v. Washington, 466 U.S. 668 (1984), a two-pronged test applies in determining whether a defendant received adequate assistance from counsel. Under the competence prong, a movant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91. There is a strong presumption that counsel performed within the wide range of reasonable professional assistance. Under the prejudice prong in a guilty plea context, the petitioner must show that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Shivar claims that counsel estimated he would receive a one-year sentence, and that he would not have pled guilty had he believed otherwise. Counsel admits that he made an estimate of twelve to eighteen months, based on his analysis of the guidelines. However, he asserts that he made no promises as to sentencing, explaining that the decision was up to the district court after preparation of a presentence report. The plea agreement, which Shivar signed, states that the court is not bound by any recommendation or agreement, and that any estimate from any source is a prediction. Therefore, counsel's estimate does not constitute ineffective assistance of counsel, or vitiate the voluntariness of Shivar's plea. See United States v. Lambey, 974 F.2d 1389, 1393-96 (4th Cir.1992)(in banc), cert. denied, 63 U.S.L.W. 3460 (U.S.1994). In addition, counsel investigated both state offenses used to enhance Shivar's sentence, and found no basis to challenge either one. He argued to the court that the enhancement to career offender status was inappropriate as neither state conviction was a drug offense, but the district court rejected the argument. We affirm the district court's holding that counsel's representation in this case was within the range of competence.
 
 
 5
 We note that the district court failed to comply with Fed.R.Crim.P. 11(g) in that no verbatim record of the guilty plea proceeding has been made part of the record. See United States v. Wetterlin, 583 F.2d 346, 352 (7th Cir.1978), cert. denied, 439 U.S. 1127 (1979). We conclude that this error is harmless, however, as it does not affect Shivar's substantial rights, Fed.R.Crim.P. 11(h), and other evidence in the record, including counsel's affidavit, supports the district court's conclusion. Accordingly, we affirm the denial of Shivar's Sec. 2255 motion.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aide the decisional process.
 
 AFFIRMED