In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1335

United States of America,

Plaintiff-Appellee,

v.

Daniel Nielsen,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 99 CR 391-1--Charles R. Norgle, Sr., Judge.

Argued October 3, 2000--Decided November 13,
2000

Before Flaum, Chief Judge, and Coffey and
Rovner, Circuit Judges.

Flaum, Chief Judge.  On the day prior to
his scheduled trial date, Daniel Nielsen
pleaded guilty to conspiracy to collect
extensions of credit by extortionate
means and was subsequently sentenced to
96 months of imprisonment. Nielsen
maintains on appeal that the district
court erred in denying him a one-level
reduction under sec. 3E1.1(b)(2) of the
sentencing guidelines for timely
notifying the authorities of his
intention to plead guilty. Because
Nielsen has failed to establish that the
district court committed clear error in
finding that Nielsen did not plead guilty
in a sufficiently timely manner to
warrant an additional reduction under
sec. 3E1.1(b)(2), we affirm.

I.  Background

On May 25, 1999, Daniel Nielsen and his
codefendant, Timothy Nielsen, were
charged with knowingly using extortionate
means to collect extensions of credit, in
violation of 18 U.S.C. sec. 894. A
superseding three-count indictment adding

additional extortion and conspiracy charges under sec. 894 was returned on July 13, 1999.

At his arraignment on July 30, Nielsen entered a plea of not guilty as to all three counts of the superseding indictment. The trial date was subsequently set for October 19. During the months following his arraignment, and as late as October 7, Nielsen filed a number of pretrial motions, compelling the government to prepare responses. Included in the government's responses was a seventeen-page Santiago proffer, 582 F.2d 1128 (7th Cir. 1978), in connection with the coconspirator statements of codefendant Timothy Nielsen.

On October 12, a second superseding indictment was returned. This indictment differed from the previous one only in that it changed the dates and reversed the sequence of certain events relating to the alleged criminal activity. At a status hearing held on October 15, Nielsen asked for a continuance of the trial date because of the changes made by the second superseding indictment. In response, the district court concluded that, although the second superseding indictment did not sufficiently alter the previous indictment to justify a long extension of the trial date, a short extension was nonetheless appropriate. The district court accordingly reset the trial date from October 19 to October 26.

On October 16, Nielsen's counsel notified the government that Nielsen intended to plead guilty. However, Nielsen did not actually execute a plea agreement or enter a guilty plea until October 25, one day before his trial was scheduled to begin. In the resulting plea agreement negotiated between Nielsen and the government, the government recommended a two-level reduction under sec. 3E1.1(a) for acceptance of responsibility, but it disagreed with Nielsen's contention that he was entitled to an additional one-level reduction under sec. 3E1.1(b). The probation officer also recommended that Nielsen be denied the additional reduction, finding that he had not timely notified the government of his intention to plead guilty. Nielsen did not object to this recommendation before sentencing.

At sentencing, the district court denied Nielsen's request for an additional one-level reduction under sec. 3E1.1(b), accepting the government's position that Nielsen's agreement to plead guilty had occurred too late to warrant the reduction. As the prosecutor indicated, by the time Nielsen gave notice of his intention to plead guilty, the government had already invested substantial resources in trial preparation, such as bringing in witnesses, issuing subpoenas, and making travel arrangements. The court then determined the applicable sentencing range to be 87 to 108 months and imposed a term of 96 months of imprisonment followed by supervised release for three years. Nielsen filed a timely notice of appeal.

II.  Discussion

Section 3E1.1(b)(2) provides for an additional one-level reduction for a defendant who has received a two-leveldecrease for acceptance of responsibility under sec. 3E1.1(a), if he has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. sec. 3E1.1(b)(2) (emphasis added). To qualify for an extra one-level decrease under sec. 3E1.1(b), the defendant must prove by a preponderance of the evidence that he is entitled to the additional reduction. See United States v. Wilson, 134 F.3d 855, 871 (7th Cir. 1998). This court reviews for clear error a district court's factual findings regarding acceptance of responsibility under sec. 3E1.1. See United States v. Branch, 195 F.3d 928, 937 (7th Cir. 1999).

In the present case, the district court did not err in its determination that Nielsen had not pleaded guilty in a sufficiently timely manner to warrant a reduction under sec. 3E1.1(b)(2). As the plain language of sec. 3E1.1(b)(2) makes clear, the relevant inquiry under the guideline is whether Nielsen gave notice of his intention to plead guilty at a sufficiently early point in the process to serve the purpose of conserving government resources. See also U.S.S.G. sec. 3E1.1, comment (n.6); United States

v. Francis, 39 F.3d 803, 808 (7th Cir. 1994). Here, by the time Nielsen expressed an intent to plead guilty (only ten days before trial), the government had already responded to Nielsen's pre-trial motions and had prepared a lengthy Santiago proffer in connection with the coconspirator statements of Timothy Nielsen. The government also indicated, and Nielsen did not dispute, that it had brought in witnesses, issued subpoenas, and made travel arrangements.

Further, according to the government, it could not stop preparing for trial even after Nielsen gave notice of his "intention" to plead guilty because of the possibility that the plea would not go through. Compare Wilson, 134 F.3d at 872 ("Because a defendant is not bound by an expressed intention to plead guilty, it may indeed be a rare case in which intent, without more, actually will result in the conservation of resources"); Francis, 39 F.3d at 808 ("Until the defendants actually pleaded guilty, they could still change their minds and the government still had to prepare for the contingency that the defendants might elect to go to trial"). Rather, it was not until Nielsen actually entered a guilty plea, on the day before the scheduled trial date, that the government was able to halt its preparations. This court has repeatedly held that a defendant who waits to plead guilty until the "brink of trial" is not entitled to a reduction under sec. 3E1.1(b)(2). United States v. Covarrubias, 65 F.3d 1362, 1367 (7th Cir. 1995); see also United States v. Hamzat, 217 F.3d 494, 498 (7th Cir. 2000) (plea entered after originally scheduled trial date untimely); Francis, 39 F.3d at 808 (one week before trial untimely); United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir. 1994) (four days before trial untimely). Thus, here, in light of the last-minute nature of Nielsen's plea and the continuing burden imposed on the government, the district court did not err in denying Nielsen an additional one-level reduction under sec. 3E1.1(b)(2).

Nielsen attempts to excuse the untimeliness of his plea by arguing that he expressed his intention to plead guilty within just four days of the return of the second superseding indictment, which, he says, finally

incorporated an accurate account of the facts constituting the charged offenses. According to Nielsen, it is not unreasonable for a defendant to be hesitant to waive his right to trial when the government is indicating, through its then pending indictment, that it intends to try to prove a set of events that did not happen in the sequence or on the dates that the government alleges. This argument is unavailing. As the government points out, before the second superseding indictment was returned, the government had already made extensive prior disclosures, which gave Nielsen the full and complete picture of the evidence that the government intended to present at trial. Further, as recognized by the district court, the second superseding indictment made only minor modifications to the previous indictment, i.e., to the dates and sequence of certain events underlying the crime. It is thus fanciful for Nielsen to now suggest that the changes made in the second superseding indictment somehow excuse the last-minute nature of his plea. Rather, any dispute over the dates contained in the first superseding indictment should have been resolved earlier and should not have delayed notification of his intent to plead guilty. Compare United States v. Senn, 129 F.3d 886, 897 (7th Cir. 1997) (finding that a guilty plea entered only three days before the scheduled start of a narcotics trial was untimely and that any disagreement as to the amount of narcotics possessed by the defendant should not have delayed the plea).

Furthermore, there is no authority supporting Nielsen's proposition that the timeliness of a plea should be measured, for purposes of sec. 3E1.1(b)(2), in relation to the date on which the last indictment is returned in the case. Rather, as discussed above, the relevant inquiry under sec. 3E1.1(b)(2) is whether the defendant notified the authorities of his intention to plead guilty in a sufficiently timely manner to serve the purpose of conserving government and court resources. For the reasons previously mentioned, Nielsen has failed to meet this standard.

Finally, Nielsen argues that because codefendant Timothy Nielsen was awarded the third point under sec. 3E1.1(b) he should have been as well, as he suggests

there is no legally significant difference between the two defendants with respect to their eligibility for the third point. To the extent that Nielsen is contending that the district court improperly awarded Timothy Nielsen the extra point, it does not follow that Daniel Nielsen should gain a similar benefit by reason of his codefendant's allegedly too lenient sentence. See United States v. Edwards, 945 F.2d 1387, 1398 (7th Cir. 1991). Furthermore, the district court could have rightly determined that the two defendants should be treated differently. Perhaps, as the government suggests, the court found it persuasive that Timothy Nielsen cooperated extensively with the government and did so before the entry of his guilty plea.

In any event, whether Timothy Nielsen was properly awarded the third point under sec. 3E1.1(b)(2) is a question that this court need not, and can not, decide. See United States v. Smith, 897 F.2d 909, 911 (7th Cir. 1990) (stating that the court did not have jurisdiction to review the sentence of the appellant's codefendant). If the sentence imposed upon Daniel Nielsen falls within the applicable guideline, then it can not be overturned simply because another defendant was sentenced differently. See United States v. Simmons, 218 F.3d 692, 696 (7th Cir. 2000); Edwards, 945 F.2d at 1398. As discussed above, the district court did not err in determining that Nielsen had not pleaded guilty in a sufficiently timely manner to warrant an additional one-level reduction under sec. 3E1.1(b)(2). The fact that his codefendant was awarded the extra reduction is thus simply not relevant to the instant case.

III.  Conclusion

Accordingly, for all the above reasons, the judgment of the district court is

AFFIRMED.