**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ignacio HERNANDEZ, Defendant–Appellant.**

No. 00–1774.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.

Decided Nov. 20, 2001.

Before WOOD, RIPPLE, and
WILLIAMS, Circuit Judges.

## ORDER

Ignacio Hernandez pleaded guilty to possession with intent to distribute more than 5 kilograms of cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 156 months' imprisonment. Mr. Hernandez has filed a notice of appeal, but his lawyer, finding no legal basis for the appeal, has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In ruling on this motion, we limit our review to counsel's facially adequate *Anders* brief and Mr. Hernandez's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997); Cir. R. 51(b).

First, counsel examines potential challenges to the district court's denial of Mr. Hernandez's motion to suppress various statements and physical evidence, including 596 kilograms of cocaine, obtained after a traffic stop and subsequent search of a tractor-trailer Mr. Hernandez owned and operated. As part of his plea agreement, Mr. Hernandez preserved his right to appeal the denial of this motion. Counsel considers whether Mr. Hernandez might challenge the initial traffic stop, but concludes that, given the uncontroverted suppression-hearing testimony of canine officer Mark Frisbie that he stopped the semi after watching it swerve onto the shoulder of the highway, slow dramatically to an "unsafe" speed of forty miles per hour, and cross both the center and fog lines, any challenge to the initial stop would be frivolous. *See Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (stop is valid if officer has probable cause to believe a traffic violation has occurred).

Next, counsel proposes challenging the search or the duration of the seizure of the semi. Counsel notes, however, that Officer Frisbie testified at the suppression

hearing that he noticed numerous suspicious details soon after he stopped the semi: Mr. Hernandez's companion, Mr. Hinojosa, shook "more than normal" while handing Frisbie his license and was unable to produce his federally-required medical card; the men produced a bill of lading that was handwritten, listed no departure or arrival date, and described the load vaguely as "22 pallets"; and the two were running the truck's refrigeration unit even though they claimed to be hauling potato chips. Frisbie also testified that he noticed what he considered to be a safety violation–a brake hose resting on a sharp metal grate–three minutes into the stop. Frisbie's observations support the inference that Mr. Hernandez and Mr. Hinojosa were involved in criminal activity or safety violations; either would support prolonging the stop for further investigation. *See United States v. Walden,* 146 F.3d 487, 490 (7th Cir.1998) ("When there is reasonable suspicion that the occupants of a vehicle are engaged in other illegal activity, an officer may prolong a traffic stop to investigate that activity."). Moreover, counsel observes, the videotape of the stop from the camera in Frisbie's squad car supports the officer's testimony and reveals that Frisbie did not complete the license check–a permissible routine measure, *see United States v. Dumas,* 94 F.3d 286, 291 (7th Cir.1996)–until seventeen minutes into the stop. Frisbie then continued to further question Mr. Hernandez and Mr. Hinojosa, and within fifteen more minutes Frisbie's dog indicated the presence of narcotics in the trailer. A dog's alert *alone* supplies probable cause that drugs are present. *See, e.g., United States v. Limares,* 269 F.3d 794, 797 (7th Cir.2001) (alert by dog with 62% accuracy sufficient for probable cause); *United States v. Thomas,* 87 F.3d 909, 912 (7th Cir.1996) (dog's positive reaction for narcotics provides probable cause). Counsel thus concludes, and we agree, that these proposed challenges to the search and seizure of Mr. Hernandez's semi would be frivolous.

Counsel next considers whether Mr. Hernandez might argue that his guilty plea was invalid, but our review of the transcript of Mr. Hernandez's change-of-plea hearing reveals that the district court complied fully with the rule designed to insure that pleas are knowing and voluntary. *See United States v. Wagner,* 996 F.2d 906, 913 (7th Cir.1993). The court advised Mr. Hernandez exactly as required by Rule 11(c); its omission of Rule 11(c)(5)'s warning that statements under oath might form the basis for a perjury prosecution is unimportant because Mr. Hernandez was not sworn during the plea colloquy. *See* Fed.R.Crim.P. 11(c)(5) & advisory committee's note on 1982 Amendments; *see also United States v. Fels,* 599 F.2d 142, 146 (7th Cir.1979). Moreover, counsel observes, Mr. Hernandez's stipulation that 596 kilograms is not a "personal use amount" and his stipulation to the testimony offered at the suppression hearing, including the videotape and the testimony of the officers who discovered the cocaine, satisfy Rule 11(f)'s requirement that a guilty plea be supported by a sufficient factual basis. *See United States v. Musa,* 946 F.2d 1297, 1302 (7th Cir.1991) (court may find factual basis from anything that appears on the record). After reviewing the relevant portions of the record, we agree that any argument that Mr. Hernandez's plea was not knowing and voluntary would be frivolous, whether reviewed for plain error, *see United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001) (review is for plain error when defendant has not moved to withdraw guilty plea), *petition for cert. filed,* —— U.S.L.W. —— (U.S. May 16, 2001) (No. 00–10033), or under the more exacting harmless error standard, *see United States v. Vonn,* 224

F.3d 1152, 1155 (9th Cir.2000) (Rule 11(h)'s harmless error standard applies to all Rule 11 errors), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001).

Counsel next considers two challenges to Mr. Hernandez's sentence, but concludes that both would be frivolous. Counsel proposes arguing that the district court erred in denying Mr. Hernandez a two-level minor-role reduction, *see* U.S.S.G. § 3B1.2 (1998), but notes that under our interpretation of the version of § 3B1.2 then in effect the reduction is inapplicable to drug couriers who, like Mr. Hernandez, are held accountable only for the amount of drugs they carried. *See, e.g., United States v. Carillo,* 269 F.3d 761, 770 (7th Cir.2001); *United States v. Johnson,* 248 F.3d 655, 667 (7th Cir.2001) ("When no conduct of other participants in a criminal scheme is attributed to a defendant for purposes of sentencing, our cases hold that he is not entitled to a sentencing discount because he is a minor or minimal participant in some larger criminal activity of which the conduct for which he is being punished is a part.").

■ Nor, counsel concludes, can Mr. Hernandez argue that he deserved a one-level reduction under § 3E1.1(b)(2). Such a reduction is appropriate when the defendant "timely" notifies authorities of his intention to plead guilty, "thereby permitting the government to avoid preparing for trial." *See* U.S.S.G. § 3E1.1(b)(2). Here, however, Mr. Hernandez petitioned to plead guilty on November 29, 1999–literally on the eve of his trial, which was set for November 30. Furthermore, the prosecutor testified at Mr. Hernandez's sentencing hearing that he had subpoenaed witnesses and begun trial preparations and that several of his witnesses had traveled by plane to attend the trial. Because defendants who plead guilty on the "brink of trial" are not entitled to such reductions, *see United States v. Nielsen,* 232 F.3d 581, 584 (7th Cir.2000), counsel concludes that this challenge, too, would be frivolous. Again, we agree.

■ Finally, Mr. Hernandez proposes several potential arguments. Mr. Hernandez first suggests arguing that his trial attorneys' assistance was ineffective because they failed to seek a jury trial on the validity of the stop and search and failed to argue that the stop was pretextual. But the Supreme Court foreclosed the idea that pretextual stops are invalid in *Whren, see United States v. Stribling,* 94 F.3d 321, 323 (7th Cir.1996), and evidentiary matters such as the validity of a search or seizure and the admissibility of the resulting evidence are issues for a judge, not a jury. The *Apprendi* arguments Mr. Hernandez outlines would also be frivolous. He proposes arguing that drug quantity is an element of the offense that must be alleged in the indictment, that his indictment failed to allege drug quantity, and that he must be resentenced because his 5–year term of supervised release exceeds the statutory maximum. On the contrary, this court has held that drug quantity is *not* an element, *United States v. Bjorkman,* 270 F.3d 482, 2001 WL 1329244, at *3–*4 (7th Cir. Oct. 30, 2001); *United States v. Brough,* 243 F.3d 1078, 1080 (7th Cir.2001), and Mr. Hernandez's indictment, in any event, *did* allege drug quantity. Moreover, Mr. Hernandez's 5–year term of supervised release is the *mandatory minimum* term of supervised release for an offense involving more than five kilograms of cocaine. *See* 21 U.S.C. § 841(b)(1)(A). We conclude that Mr. Hernandez's proposed arguments would be frivolous.

Accordingly, we GRANT counsel's Motion to Withdraw and DISMISS the appeal.