77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffery T. STAHLER, Defendant-Appellant.
 No. 95-3414.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: MERRITT, Chief Judge, and WELLFORD and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Jeffery Stahler appeals his conviction for possession with intent to distribute and conspiracy to distribute 100 kilograms of marijuana. He argues that the district court erred when accepting his guilty plea, because it failed to ask whether his plea was the result of discussions between himself and his attorney pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure. We find no reversible error and affirm.
 
 
 2
 On July 6, 1994, Stahler was indicted in a two-count indictment for violating 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute, and 21 U.S.C. § 846, conspiracy to distribute marijuana. On July 17, 1994, Stahler entered a plea of not guilty. On December 5, 1994, pursuant to a plea agreement, he entered a guilty plea to Count Two: conspiracy to distribute marijuana. After accepting his plea, the district court requested a presentence investigation and report for a March 14, 1995, sentencing hearing. Because Stahler had two prior controlled substance felony convictions, he was considered a "career offender" under the guidelines and, therefore, qualified, with a three-level reduction for acceptance of responsibility, for 188 to 235 months in prison. Pursuant to a written plea agreement, the government requested an additional three-level downward departure from that range based on Stahler's substantial assistance, putting the recommended range between 140 and 175 months. The court below sentenced Stahler to 140 months and an eight-year period of supervised release.
 
 
 3
 Stahler did not assert error under Rule 11 at the proceedings below. Nevertheless, several circuits have ruled that a defendant's failure to raise the issue does not constitute a waiver. United States v. Martinez-Martinez, 69 F.3d 1215, 1219 (1st Cir.1995); United States v. Cross, 57 F.3d 588, 590 (7th Cir.), cert. denied, 116 S.Ct. 406 (1995); United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993); United States v. Young, 927 F.2d 1060, 1061 (8th Cir.), cert. denied, 502 U.S. 943 (1991). Because the issue was not raised at the district court level, however, it is reviewed only for plain error. United States v. Bashara, 27 F.3d 1174, 1178 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995).
 
 
 4
 The Federal Rules of Criminal Procedure set forth procedures for when district courts accept guilty pleas. Rule 11 requires that district court judges "inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney." Fed.R.Crim.P. 11(d). Stahler maintains the district court failed to comply with Rule 11(d) when accepting his guilty plea.
 
 
 5
 Relevant portions of the sentencing hearing demonstrate that his claim is unfounded. In Stahler's appeals brief, he erroneously states:
 
 
 6
 The only instance of the district court inquiring regarding discussions between Mr. Stahler and his counsel occurred during the plea colloquy. The district judge asked Mr. Stahler:
 
 
 7
 THE COURT: Can you tell me why you're here, what prompted your willingness to enter a plea this morning? Was it your prior discussions with the government attorney or with your own attorney or what prompted you to change your mind?
 
 
 8
 DEFENDANT: Just the--what I risk if I lose in trial. It's better just....
 
 
 9
 THE COURT: Well, I'm going to ask you later on to tell me what you did to cause the government to file or the grand jury to indict you on this charge.
 
 
 10
 Appellant's Br. at 5 (emphasis added) (quoting Transcript of Plea Hearing, Joint Appendix at 23). The record, however, reveals at least two other times when the judge asked about Stahler's discussions with his attorney:
 
 
 11
 THE COURT: Now, have you received a copy of the indictment which has the charges pending against you and have you fully discussed those charges and the case in general with your counsel?
 
 
 12
 DEFENDANT: Yes, I have.
 
 
 13
 THE COURT: Are you fully satisfied with your counsel, his representation and advice given to you in this case?
 
 
 14
 DEFENDANT: Yes, I am.
 
 
 15
 Joint Appendix at 29-30.
 
 
 16
 THE COURT: Now, the Sentencing Reform Act of 1984 provided for United States Sentencing Commission which has issued guidelines for judge's [sic] to follow in determining the sentence in a criminal case. Have you and your attorney talked about the sentencing guidelines?
 
 
 17
 DEFENDANT: Yes, we have.
 
 
 18
 Joint Appendix at 32. Thus, the record directly contradicts the factual premise for Stahler's appeal and demonstrates that his rights under Rule 11 were adequately safeguarded.
 
 
 19
 Even if one were to find that the judge had failed to comply with the technicalities of Rule 11(d), Stahler's basis for appeal is still insufficient to vacate his sentence as he requests. Rule 11 also states: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.Crim.R.P. 11(h). A finding that a district court's failure to inquire about defendant-attorney discussions affected Stahler's "substantial rights" directly contradicts this court's law. A technical violation of Rule 11 does not affect substantial rights when the district court judge make "a conscientious and meticulous effort to ascertain that [the defendant's] guilty plea was voluntary," and where the judge sought to "ensure that [the defendant] understood the nature of the charges against him and the consequences of his guilty plea." United States v. Stead, 746 F.2d 355, 357 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). In Stead, as in this case, the record did not preclude a finding that the plea was voluntarily and intelligently taken, and therefore, no substantial right was violated. Id.
 
 
 20
 The district court's judgment is AFFIRMED.