

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2002

# USA v. Marino

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Marino" (2002). *2002 Decisions*. Paper 577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-4087


UNITED STATES OF AMERICA

v.

ANTHONY J. MARINO,
                    Appellant
                _____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 00-cr-00239-01 )
District Judge:   Honorable A. Richard Caputo
                _____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2002
Before:   NYGAARD, ROTH, and WEIS, Circuit Judges.


Filed September 17, 2002
                _____


OPINION


WEIS, Circuit Judge.

Defendant pleaded guilty to one count of conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C.    846.  The district judge sentenced him to 76 months incarceration and supervised release, and fined him in the amount of $2,500.  The only issue on appeal is whether the district judge erred in failing to ask defendant during the guilty plea colloquy if his plea was the result of force or threats.

Because this issue was not raised in the District Court, we review for plain error.  We have carefully read the plea colloquy, as well as the plea agreement itself. Defendant's signed statement, appended to the plea agreement, states that "No promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement.  I am entering into this plea voluntarily. . . ."

In addition, during the plea colloquy, the district judge asked, "Now, has anyone, anyone, made any kind of a promise to you, other than anything that's in the plea agreement by the Government, in order to encourage you to plead guilty or induce you to plead guilty?"  The defendant responded, "No."

Our reading of the record in this case persuades us that the district judge properly concluded that defendant freely and voluntarily entered into the guilty plea. Under the plain error standard of review, the conviction is valid.  See United States v. Akinsola, 105 F.3d 331 (7th Cir. 1997); United States v. Cross, 57 F.3d 588 (7th Cir. 1995).

Accordingly, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:



Please file the foregoing Opinion.

/S/ Joseph F. Weis, Jr.
United States Circuit Judg