NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009
Decided October 13, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-4252

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:07-CR-10120-001 |
| CHARLES F. RUTHERFORD, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Charles Rutherford pleaded guilty to possession of crack with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Because of the amount of crack and his prior drug conviction, he faced a minimum of 10 years imprisonment. *See id*. at § 841(b)(1)(B). In the plea agreement Rutherford waived his right to challenge the conviction or sentence on direct appeal or in a postconviction proceeding, and also promised to cooperate with authorities. In exchange the government agreed to consider moving for a prison term below the guidelines range and, possibly, the statutory minimum. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. Rutherford later moved to withdraw his guilty plea when he learned that the government might not move for a sentence below the mandatory minimum. The district court denied Rutherford's motion and, after the government moved for a term below the guidelines range but not

below the statutory minimum, sentenced him to 10 years.  Rutherford filed a notice of appeal, but his appointed counsel requests permission to withdraw because he does not believe there is a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Rutherford objects to counsel's motion.  *See* CIR. R. 51(b).  We confine our review to the potential issues identified in counsel's supporting brief and Rutherford's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Rutherford wants his guilty plea set aside, so counsel evaluates whether Rutherford could challenge the plea colloquy based on the district court's failure to advise him in open court that he had a right at trial to confront adverse witnesses.  *See* FED. R. CRIM. P. 11(b)(1)(E).  Counsel correctly observes that, despite this omission, the district court substantially complied with Rule 11 during Rutherford's change-of-plea hearing.  *United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995).  Moreover, Rutherford's written plea agreement, which he acknowledged having read and understood, advised him of his right to confront adverse witnesses.  The omission was therefore harmless.  *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

Rutherford also wishes to challenge the district court's denial of his motion to withdraw his guilty plea.  That motion asserts that Rutherford would not have pleaded guilty had he known that the government was not required to move for a sentence below the mandatory minimum.  In denying the motion, the district court concluded that Rutherford had understood the government's discretion at sentencing, and we agree with counsel that the record supports the court's conclusion.  At Rutherford's Rule 11 hearing, the court went out of its way to emphasize that the government is not required to make a motion.  The court explained that even if he cooperates, the government may decide not to recommend a sentence below the statutory minimum.  Rutherford acknowledged that he understood.

Next, counsel considers whether Rutherford could challenge the validity of his appeal waiver.  The waiver precludes Rutherford from challenging "any and all issues relating to this plea agreement and conviction and to the sentence . . . on any ground."  Where, as here, the underlying guilty plea is valid, we will enforce the appeal waiver.  *See United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997).  The validity of Rutherford's waiver also forecloses the other challenges counsel considers concerning the reasonableness of the sentence and the effectiveness of counsel.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.