FILED
United States Court of Appeals
Tenth Circuit

March 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MILTON RUIZ-BAUTISTA,

     Defendant - Appellant.

No. 11-4117
(D.C. No. 2:10-CR-00514-TS-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH,** and **MATHESON**, Circuit Judges.

Milton Ruiz-Bautista pled guilty to one count of possession with intent to

distribute heroin, in violation of 21 U.S.C. § 841(a)(1).  On appeal, he asserts that the

magistrate judge who accepted his plea did not comply with Rule 11 of the Federal Rules

of Criminal Procedure and that his plea was not knowing and voluntary.  Exercising

---

     * After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

# I.    BACKGROUND

## A. *Change of Plea Hearing*

On April 4, 2011, Mr. Ruiz-Bautista appeared before a federal magistrate judge for a change of plea hearing.[1]  Because Mr. Ruiz-Bautista is a native Spanish speaker, a Spanish-language interpreter was present.  [ROA, Vol. 3 at 6]

Mr. Ruiz-Bautista asked the magistrate judge, "Am I scheduled now to plead guilty?"  ROA, Vol. 3 at 9.  The magistrate judge asked whether he was "prepared to go forward today with a plea agreement," and Mr. Ruiz-Bautista responded that he "want[ed] to ask [his] attorney what he advises."  *Id.*  He conferred with his attorney, and then the hearing recessed to await delivery of a document related to Mr. Ruiz-Bautista's plea.

---

[1]In his reply brief, Mr. Ruiz-Bautista argues that he was surprised the April 4, 2011 hearing was a change of plea hearing.

The magistrate judge started the hearing by addressing a letter Mr. Ruiz-Bautista had sent to the court that "indicate[d] that he [was] not satisfied with the services of his lawyer" and that requested a change of counsel.  ROA, Vol. 3 at 6.  At the hearing, Mr. Ruiz-Bautista stated he no longer wished to change counsel.  *Id.* at 8.  The magistrate judge therefore denied the request in his letter.  Mr. Ruiz-Bautista asserts on appeal that he "thought he was [at the hearing] to receive n[e]w counsel, not plead."  Aplt. Reply Br. at 7.

Contrary to Mr. Ruiz-Bautista's assertion of surprise, the record reflects that the April 4 hearing was set after Mr. Ruiz-Bautista filed a Motion to Set a Change of Plea.  ROA, Vol. 1 at 105.  And, as discussed in this opinion, Mr. Ruiz-Bautista asked whether he was scheduled to plead guilty, conferred with his attorney about his change of plea, and proceeded to answer all the magistrate judge's questions before entering a guilty plea.

When the hearing resumed, the magistrate judge asked, "Mr. Ruiz, is it still your desire to enter into a plea agreement with the United States?" *Id.* at 11.  He responded "[y]es." *Id.*  The magistrate judge advised Mr. Ruiz-Bautista of the consequences of his plea, and he was placed under oath. *Id.* at 11-13.

Mr. Ruiz-Bautista testified that he had reviewed, with a Spanish-language interpreter's assistance, a document titled "Statement by Defendant in Advance of Plea of Guilty" ("Statement by Defendant"). *Id.* at 14.  He further testified that he understood its contents and had discussed its contents with his attorney.  The magistrate judge noted that the Statement by Defendant "contains a recitation of your constitutional rights" and that "because they are so important to you, I want to go over them with you on the record so that I am satisfied that you understand . . . your constitutional rights." *Id.* at 14.

The magistrate judge then engaged in the following colloquy:

> Sir, you have a right to have a trial in this matter.  You have a right to have that trial before 12 citizens of this district.  You have a right to be represented by counsel . . . .  You have the right to require the United States to present in open court its witnesses and evidence against you.  You have a right to the services of your lawyer to confront the government's witnesses.  You have the right to call witnesses of your own at government expense.  You also have the right to take the witness stand and testify in your own behalf, although if you did so, it would be under oath and subject to cross-examination.  Or you could exercise your right to remain silent and no negative inference could be drawn against you for that decision.  You could not be found guilty unless the finder of fact determined that the government had proved each element of each offense against you beyond a reasonable doubt.
> . . .

-3-

> Do you understand, sir, that you have each of those rights under the Constitution and that you will be giving them up if I accept your plea?

*Id.* at 15. Mr. Ruiz-Bautista responded "[y]es." *Id.* at 16.

The magistrate judge then asked whether "any threats or promises of any sort [had] been made to [him] to induce [him] or to persuade [him] to enter into this plea agreement." *Id.* Mr. Ruiz-Bautista responded "[n]o." *Id.* He confirmed that he had discussed the plea with his lawyer as much as he wished, that he was satisfied with his lawyer's services, and that his decision to enter into the plea agreement was made after full and careful thought, with his lawyer's advice and a full understanding of his rights. He stated he was not under the influence of alcohol, drugs, medication, or other intoxicants, and that he had not been under such influence when he decided to enter into the plea agreement. *Id.* at 16-17.

Mr. Ruiz-Bautista signed the Statement by Defendant, and the magistrate judge recited the factual statement that was the basis of the government's charge. Mr. Ruiz-Bautista acknowledged that the factual statement was true and that it satisfied the elements of the charge of possession of heroin with intent to distribute. *Id.* 20-21.

He then entered a plea of guilty. *Id.* at 21. The magistrate judge received the plea, finding it to be "knowingly, voluntarily and intelligently entered." *Id.*

Mr. Ruiz-Bautista was later sentenced to 150 months of imprisonment. [ROA, Vol. 1 at 154] On June 14, 2011, the district court entered a judgment reflecting Mr. Ruiz-Bautista's conviction and sentence. Mr. Ruiz-Bautista filed a

-4-

timely notice of appeal that same day.  [*Id.* at 159]

**B.  *Statement by Defendant***

By signing the Statement by Defendant, Mr. Ruiz-Bautista "acknowledge[d] and certif[ied]" that he was advised of and understood various rights and obligations, including the following:

- "that [he has] a right to a trial by jury," ROA, Vol. 1 at 121, ¶ 6;
- that, if he went to trial, his "attorney [could] cross-examine all witnesses who testify against [him]," *id.* ¶ 6(c);
- that "[n]o threats or promises of any sort have been made to [him] to induce [him] or to persuade [him] to enter this plea," *id.* at 124, ¶ 2;
- "that [he has] a right to plead 'Not Guilty,' and . . . that if  [he does] plead 'Not Guilty,' [he] can persist in that plea," *id.* at 121, ¶ 5;
- that "the judge may ask [him] questions under oath about the offense to which the plea is entered.  The questions, if asked on the record and in the presence of counsel, must be answered by [him] and, if [he] give[s] false answers, [he] can be prosecuted for perjury," *id.* at 122, ¶ 10; and
- "that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a)," "that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining [his] sentence," and "that the final calculation by the Court for sentencing purposes may differ from any calculation the United States, [his] attorney, or [he] may have made, and [he] will not be able to withdraw [his] plea in spite of that fact," *id.* at 121, ¶ 3.

In the Statement by Defendant, Mr. Ruiz-Bautista also certified that "[o]n or about May 27, 2010, . . . [he] knowingly possessed heroin with the intent to distribute it."  *Id.* at 122, ¶ 11.  Specifically, he "drove a vehicle with 321 balloons of heroin located within its center console . . . to distribute those drugs to another individual."  *Id.*

## II.    DISUSSION

On appeal, Mr. Ruiz-Bautista argues that the magistrate judge did not comply with Rule 11 because she failed to inform him of (1) his right to a jury trial, (2) his right to have counsel cross-examine adverse witnesses, (3) his right to plead not guilty and to persist in that plea, (4) the government's right, in a prosecution for perjury, to use against him statements he made under oath, and (5) the sentencing court's obligation to calculate his sentence by considering the U.S. Sentencing Guidelines and sentencing factors set forth in 18 U.S.C. § 3553(a). *See* Fed. R. Crim. P. 11(b)(1)(A)-(C), (E), (M). He also faults the magistrate judge for asking whether his "plea *agreement*," rather than his "plea," was the result of threats or promises. *See id.* 11(b)(2) ("[T]he court must . . . determine that the *plea* is voluntary and did not result from force, threats or promises . . . ." (emphasis added)).

We begin by discussing Rule 11 and the standard of review applicable to this appeal. We then address Mr. Ruiz-Bautista's assertions of error.

**A. *Rule 11***

Rule 11 of the Federal Rules of Criminal Procedure "is designed to assist the . . . judge in making the constitutionally required determination that a defendant's plea is truly voluntary." *United States v. Ferrel*, 603 F.3d 758, 762 (10th Cir. 2010) (quotations omitted), *cert. denied*, 131 S. Ct. 481 (2010). Under the rule, a court accepting a guilty plea must place the defendant under oath and, addressing the defendant in open court, inform the defendant of various rights and obligations. *See* Fed. R. Crim. P. 11(b). These rights and obligations include

-6-

- "the right to a jury trial," *id.* 11(b)(1)(C);

- "the right at trial to confront and cross-examine adverse witnesses," *id.* 11(b)(1)(E);

- "the right to plead not guilty, or having already so pleaded, to persist in that plea," *id.* 11(b)(1)(B);

- "the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath," *id.* 11(b)(1)(A); and

- "in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)," *id.* 11(b)(1)(M).

Rule 11 also requires the court to "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." *Id.* 11(b)(2).

### B. *Standard of Review—Plain Error*

Our review of Rule 11 compliance encompasses the entire record and is not limited to the "four corners" of the plea hearing transcript. *United States v. Vonn*, 535 U.S. 55, 59, 74-75 (2002).

Ordinarily, "[w]hether a district court has complied with Rule 11 in accepting a defendant's plea and, accordingly, whether the defendant's plea was knowing, intelligent, and voluntary, is a question of law we review *de novo*." *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998). When a defendant fails to object to a court's Rule 11 errors, the defendant bears the burden on appeal to demonstrate that plain error occurred. *Vonn*, 535 U.S. at 59; *United States v. Landeros-Lopez*, 615 F.3d 1260, 1263 (10th Cir. 2010).

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Landeros-Lopez*, 615 F.3d at 1263 (quotations omitted). Because Mr. Ruiz-Bautista did not object to the Rule 11 colloquy, we review the magistrate judge's compliance with the rule for plain error.

Under the third element of plain error review, a defendant must prove that Rule 11 noncompliance affected his substantial rights. *See id.*; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). To do so, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. The defendant must "satisfy the judgment of the reviewing court . . . that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (quotations omitted).

"Rule 11 error is not prejudicial when the defendant was simply deprived of a mandated procedure as opposed to the *substantive material information* contemplated by the rule." *Ferrel*, 603 F.3d at 763 (emphasis added). "Thus, a defendant who receives the information omitted by the district court *from other sources* generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him." *Id.* (emphasis added).

Employing these principles, we held in *United States v. Ferrel* that the defendant's substantial rights were not affected when the court erroneously failed to inform him of the drug-quantity element of his offense during the Rule 11 colloquy. *Id.* at 763-64. We

looked to the entire record and noted that the drug-quantity element "was alleged in the indictment, the same language was repeated in the plea agreement and in [the defendant's] *Statement in Advance of Plea of Guilty*, and [the defendant] himself *acknowledged discussing the elements of the offense* with his attorney prior to the Rule 11 hearing." *Id.* at 764 (emphases added); *see also United States v. Kearney*, 684 F.2d 709, 710-11 (10th Cir. 1982) (rejecting defendant's assertion that he was not adequately informed of his offenses, in part because he signed a Statement by Defendant in Advance of Plea of Guilty acknowledging that the charges had been explained to him).

### C. *Alleged Rule 11 Errors*

We divide Mr. Ruiz-Bautista's assertions of error into two categories: (1) instances where the colloquy did not match Rule 11 verbatim, and (2) instances where the magistrate judge failed to inform Mr. Ruiz-Bautista of a Rule 11 right or obligation.

#### 1. *Failure to Follow Rule 11 Verbatim*

Mr. Ruiz-Bautista identifies three instances where the magistrate judge failed to follow Rule 11 verbatim. First, the magistrate judge informed him that he had "a right to have [a] trial before 12 citizens of this district," instead of saying that he had a right to a jury trial. *See* Aplt. Br. at 22. Second, the magistrate judge did not inform him of his right to have his counsel cross-examine adverse witnesses, but instead stated he had a right to have his counsel "confront the government's witnesses." *Id.* at 24 (quotations omitted). Third, the magistrate judge asked whether "any threats or promises of any sort [had] been made to [him] to induce [him] or to persuade [him] to enter into this *plea*

-9-

*agreement*," *id.* at 27, rather than asking whether his "*plea* . . . result[ed] from force, threats, or promises," Fed. R. Crim. P. 11(b)(2) (emphasis added).

Even assuming the foregoing divergences from the exact words of Rule 11 may have been technical errors, they were not plain errors and cannot support Mr. Ruiz-Bautista's suggestion that his plea was not knowing and voluntary. The Advisory Committee Notes to Rule 11 make clear that "minor and technical violation[s] of Rule 11 which amount[] to harmless error" are not a basis for reversal and that the rule does not require "a litany or other ritual which can be carried out only by word-for-word adherence to a set 'script.'" Fed. R. Civ. P. 11, advisory committee's notes to 1983 amendments. The rule "should not be given such a crabbed interpretation that ceremony [is] exalted over substance." *Id.*; *see also Vonn*, 535 U.S. at 64 n.6 ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule . . . ."). Our concern is whether a defendant's plea was knowing and voluntary, not whether the court adhered to an "incantation of the formula of Rule 11." *United States v. Gomez-Cuevas*, 917 F.2d 1521, 1524 n.2 (10th Cir. 1990); *see also United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995) ("Although noncompliance with Rule 11 constitutes reversible error in this circuit, literal compliance is not necessary." (quotations omitted)).

Mr. Ruiz-Bautista's three assertions of error exalt ceremony over substance and do not undermine the knowingness or voluntariness of his plea. First, although the magistrate judge did not use the word "jury," she sufficiently apprised Mr. Ruiz-Bautista

of the substance of the jury trial right by informing him he had a right to a "trial before 12 citizens of this district." Mr. Ruiz-Bautista was informed of the "substantive material information contemplated by the rule," *Ferrel*, 603 F.3d at 763, and there was no plain error.[2]

Second, although the magistrate judge did not state that Mr. Ruiz-Bautista's counsel could cross-examine adverse witnesses, she did state his counsel could confront government witnesses. Cross-examination is an element of confrontation. *See Maryland v. Craig*, 497 U.S. 836, 846 (1990) (describing the "elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier of fact"). The absence of the term "cross-examine" was therefore a minor and technical omission that did not compromise the knowingness or voluntariness of Mr. Ruiz-Bautista's plea and was not plain error.

Third, the magistrate judge's question whether Mr. Ruiz-Bautista's "plea agreement," rather than the "plea" itself, was the result of threats or promises is a distinction without a material difference. Mr. Ruiz-Bautista moved for a change of plea

---

[2]Mr. Ruiz-Bautista also argues that the magistrate judge did not inform him of the "Sixth Amendment guarantee that the jury verdict must be unanimous." Aplt. Br. at 22. He concedes, however, that "Rule 11 is silent as to whether the court inform the defendant that the jury must be unanimous." *Id.* at 22 n.1.

Because Rule 11 does not require the magistrate judge to inform Mr. Ruiz-Bautista of jury unanimity, and because it is not "clear or obvious under current, well-settled law" that the magistrate judge was required to inform him of such a right, Mr. Ruiz-Bautista has not shown plain error. *United States v. Thornburgh*, 645 F.3d 1197, 1208 (10th Cir. 2011) (quotations omitted), *cert. denied*, 132 S. Ct. 214 (2011).

so that he could enter a plea of guilty pursuant to his agreement with the government. The magistrate judge asked whether Mr. Ruiz-Bautista's plea agreement, which was the basis for his plea, had been made free of coercion. Use of the term "plea agreement" instead of "plea" did not undermine the voluntariness of Mr. Ruiz-Bautista's plea. It was not plain error.

Although the magistrate judge did not adhere to the "incantation" of Rule 11, she informed Mr. Ruiz-Bautista of the substance of his rights. Even if the magistrate judge erred, the alleged errors were not "plain" because they were not "clear or obvious under current, well-settled law." *Thornburgh*, 645 F.3d at 1208 (quotations omitted).

Moreover, Mr. Ruiz-Bautista has not shown that any alleged error affected his substantial rights. He has failed to demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. Mr. Ruiz-Bautista certified in the Statement by Defendant that he was advised of and understood his right to a jury trial and his right to cross-examine witnesses. He certified that no threats or promises were made to persuade him to enter his plea. He therefore received from another source any information omitted by the magistrate judge and cannot show an impact on his substantial rights. *See Ferrel*, 603 F.3d at 763-64.

For these reasons, we conclude that Mr. Ruiz-Bautista has not shown plain error in the magistrate judge's failure to adhere to Rule 11 verbatim.

> **2.** ***Failure to Inform Mr. Ruiz-Bautista of Rule 11 Rights and Obligations***

-12-

Mr. Ruiz-Bautista argues that the magistrate judge failed to apprise him of three other Rule 11 rights and obligations: (1) the government's right, in a prosecution for perjury, to use against him statements he made under oath; (2) his right to plead not guilty and to persist in that plea; and (3) the sentencing court's obligation to calculate his sentence by considering the U.S. Sentencing Guidelines and factors set forth in 18 U.S.C. § 3553(a).[3] The government concedes that these "three challenges to the plea colloquy are stronger" and that the magistrate judge did not specifically apprise Mr. Ruiz-Bautista of these rights and obligations. Aple. Br. at 10.

We agree with Mr. Ruiz-Bautista that the magistrate judge erred by not informing him of these Rule 11 rights and obligations. *See Ferrel*, 603 F.3d at 763; *see also* Fed. R. Crim. P. 11(b)(1) (stating "the court must inform the defendant of, and determine that the defendant understands" the enumerated rights and obligations). Nonetheless, we need not decide whether this error was plain because Mr. Ruiz-Bautista has not shown that the

---

[3]Mr. Ruiz-Bautista alleges the magistrate judge failed to inform him that the district court judge would impose his sentence. *See* Aplt. Br. at 8; Aplt. Reply Br. at 4. The magistrate judge did mention the "sentencing before Judge Stewart," ROA, Vol. 3 at 12, but assuming Mr. Ruiz-Bautista's allegation were correct, Rule 11 does not contain a specific requirement that a defendant be informed of which court will impose his sentence. It requires that the defendant be informed of *how* the court will determine his sentence. Fed. R. Crim. P. 11(b)(1)(M). The magistrate judge therefore did not commit plain error if she failed to inform Mr. Ruiz-Bautista that the district court would ultimately impose his sentence.

To the extent that this argument relates to "the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)," *id.*, we address that issue below.

Rule 11 errors affected his substantial rights.[4]

Mr. Ruiz-Bautista's appellate briefs do not specifically argue that there is a reasonable probability that he would not have entered his plea had magistrate judge fully complied with Rule 11. Even if such an argument is implicit in Mr. Ruiz-Bautista's briefs, the record and our precedent foreclose it.

"[A] defendant who receives the information omitted by the district court from other sources generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him." *Ferrel*, 603 F.3d at 763. In *Ferrel*, we noted that the defendant could not demonstrate that a Rule 11 error affected his substantial rights. *Id.* at 763-64. The defendant had signed a statement in advance of his guilty plea containing the information that the court had errantly omitted. *Id.* at 764. The defendant also had discussed the information with his attorney. *Id.*

---

[4]Mr. Ruiz-Bautista argues that the Rule 11 colloquy was "so rife with substantive errors that it seriously adversely affects the fairness, integrity and public reputation of the judicial proceeding." Aplt. Reply Br. at 8. He asks that we "not impose in such circumstances the burden . . . that the accused . . . show he would not have [pled] guilty had the magistrate" complied with Rule 11. *Id.* In other words, he asks that we ignore the third element of plain error and reverse his conviction based on the fourth element of plain error.

But we are bound to follow the Supreme Court precedent that, under the plain error standard of review, a defendant must establish that Rule 11 error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83; *Vonn*, 535 U.S. at 58; *see also United States v. Kaufman*, 546 F.3d 1242, 1247-48 (10th Cir. 2008) (recognizing the rule set forth in *Dominguez Benitez*). To do so, the defendant "*must show* a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83 (emphasis added).

Mr. Ruiz-Bautista signed the Statement by Defendant, which informed him of each of the rights and obligations that the magistrate judge omitted. By signing the Statement by Defendant, he certified that he had been advised of and understood those rights and obligations. He also testified at the change of plea hearing that he had reviewed the Statement by Defendant with a Spanish-language interpreter, understood its contents, and had discussed its contents with his attorney.[5] Accordingly, Mr. Ruiz-Bautista received the omitted Rule 11 information from another source and cannot demonstrate that his substantial rights were affected.

In addition, nothing in the record suggests "it is reasonably probable [Mr. Ruiz-Bautista] would have gone to trial absent the error." *See Dominguez Benitez*, 542 U.S. at 85; *see also Ferrel*, 603. F.3d at 764 ("Mr. Ferrel consistently and repeatedly admitted prior to the Rule 11 hearing that his . . . offense involved at least fifty grams of methamphetamine, and there is nothing in the record to suggest that he wanted a jury to determine that issue."). The complaint against Mr. Ruiz-Bautista states that agents and

---

[5]Mr. Ruiz-Bautista discounts the Statement by Defendant because it states that he speaks English. He asserts that he does not speak English, and it therefore "stands to reason that if the [Statement by Defendant] had been fully reviewed with Mr. Ruiz-Bautista, at a minimum, the error stating he spoke English would have been corrected." Aplt. Reply Br. at 6-7.

At the change of plea hearing, Mr. Ruiz-Bautista stated that he spoke English, although only "a little bit," but that he did not know how to *write* in English. ROA, Vol. 3 at 7. He further testified that he had reviewed the Statement by Defendant with a Spanish-language interpreter and understood its contents. *Id.* at 14. We therefore see no reason to doubt that he reviewed and understood the rights and obligations contained in the Statement by Defendant.

officers of the Drug Enforcement Agency arrested him on May 27, 2010, in Ogden, Utah. They seized "approximately 320 balloons containing heroin" from his vehicle. ROA, Vol. 1 at 15. After being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Mr. Ruiz-Bautista stated that he had traveled to Ogden to deliver the heroin to another individual. ROA, Vol. 1 at 15.

At the change of plea hearing, Mr. Ruiz-Bautista acknowledged these facts, testifying that he had transported 321 balloons of heroin in the center console of a vehicle to Ogden, where he intended to distribute the drugs to another person. ROA, Vol. 3 at 20. He admitted that the balloons later tested positive for 38.4 grams of heroin. *Id.* Mr. Ruiz-Bautista acknowledged the truth of these facts in the Statement by Defendant. ROA, Vol. 1 at 122.

In light of these allegations and admitted facts, we do not see how "it is reasonably probable [Mr. Ruiz-Bautista] would have gone to trial absent the [Rule 11] error." *See Dominguez Benitez*, 542 U.S. at 85. "[I]t is hard to see here how [the magistrate judge's omissions] could have had an effect on [his] assessment of his strategic position." *See id.*

In sum, Mr. Ruiz-Bautista has not shown that the magistrate judge's errors affected his substantial rights. He has failed to carry his burden of demonstrating plain error.

### III.    CONCLUSION

For the reasons discussed above, we affirm Mr. Ruiz-Bautista's conviction.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge